·PEOPLE v LAMBERT

Docket No. 84248. Submitted November 5, 1985, at Lansing. Decided January 23, 1986.

Defendant, John E. Lambert, was convicted, on his plea of guilty, of attempted assault with a dangerous weapon, Bay Circuit Court, William J. Caprathe, J. He was sentenced to five years' probation, with one year in jail, and ordered to pay costs at a rate of ten percent of whatever his income would be. Defendant appealed. *Held:*

1. The sentence of five years' probation was proper.

2. The court failed to determine defendant's ability to pay costs as required by statute.

Order vacated as to the payment of costs and remanded.

1. ASSAULT AND BATTERY — SENTENCING — ATTEMPT — FELONY — MISDEMEANOR.

One convicted of attempted assault with a dangerous weapon may properly be sentenced to five years' probation (MCL 750.7, 750.82, 750.92[3], 761.1[g]; MSA 28.197, 28.277, 28.287[3], 28.843[g].

2. CRIMINAL LAW — SENTENCING — PROBATION — COSTS.

The statute governing orders of probation mandates that a sentencing court, before including a provision for costs in an order of probation, must establish on the record a basis for a conclusion that the defendant is or will be able to pay the costs during the period of probation; the failure of a trial judge to make such a finding on the record mandates vacation of the provision and a remand to the sentencing court (MCL 771.3[5][a]; MSA 28.1133[5][a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,*

REFERENCES
Am Jur 2d, Assault and Battery §§ 10, 107, 108.
Am Jur 2d, Criminal Law §§ 540, 604, 1039, 1042.
Permissibility of sentence to a fine only, under statutory provision for imprisonment or imprisonment and fine. 35 ALR4th 192.

Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: D. F. WALSH, P.J., and MACKENZIE and R. R. FERGUSON,* JJ.

PER CURIAM. In exchange for dismissal of other charges, defendant pled guilty to attempted assault with a dangerous weapon, MCL 750.82, 750.92; MSA 28.277, 28.287. Defendant was sentenced to five years' probation, with one year in jail, and was ordered to attempt to find work once he was out of jail and to pay $1500 costs at a minimum of ten percent of whatever income he had.

Defendant's argument that the court could not sentence him to five years' probation is without merit. Defendant's crime is termed a misdemeanor by the attempt statute, MCL 750.92(3); MSA 28.287(3), but, because it is punishable by imprisonment of up to two years, it falls within the definition of a felony, MCL 750.7; MSA 28.197, MCL 761.1(g); MSA 28.843(g). *People v Wallace,* 423 Mich 427; 378 NW2d 384 (1985).

Defendant also objects that the trial court imposed costs of $1500 without any inquiry as to defendant's ability to pay, contrary to MCL 771.3(5)(a); MSA 28.1133(5)(a). That statute provides:

> (5) If the court imposes restitution or costs as part of a sentence of probation, the following shall apply:
> (a) The court shall not require a probationer to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pay restitution or costs unless the probationer is or will be able to pay them during the term of probation. In determining the amount and method of payment of restitution and costs, the court shall take into account financial resources of the probationer and the nature of the burden that payment of restitution or cost will impose, with due regard to his or her other obligations.

Failure to establish on the record any basis for a conclusion that defendant was or would be able to pay restitution during the term of probation requires vacating that condition and remanding to the trial court. *People v Gleason,* 139 Mich App 445, 448; 363 NW2d 3 (1984); *People v Blaney,* 139 Mich App 694, 695; 363 NW2d 13 (1984). As costs are treated the same as restitution in the statute, the court is similarly required to establish on the record defendant's ability to pay costs before imposing such a condition of probation.

In this case, the trial court imposed $1500 costs without any determination of defendant's ability to pay, and his affidavit of financial condition indicates that at the time of these proceedings he had neither job nor assets. We, therefore, vacate this portion of the probation order and remand to give the sentencing court an opportunity to comply with MCL 771.3(5)(a); MSA 28.1133(5)(a).