PEOPLE v GLEASON

Docket No. 76766. Submitted June 26, 1984, at Grand Rapids.—Decided September 21, 1984.

William K. Gleason was convicted on his plea of guilty in Newaygo Circuit Court, Terrence R. Thomas, J., of larceny in a building. Defendant was sentenced to a term of probation of two years with one year to be served in the Newaygo County Jail. The order of probation also required defendant to pay restitution in the amount of $1,485.64 at the rate of $125.00 or more per month beginning after his release from jail. Defendant appealed, asserting that it was error for the trial court to refuse to grant him 96 days credit for time served on an unrelated conviction in Oceana County which was served after the arrest warrant on the Newaygo charge was issued but before defendant was arrested pursuant to that warrant and that it was error for the trial court to include as a condition of probation that defendant pay restitution without first having made a finding on the record that defendant was or would be able to pay the restitution during the term of probation. *Held:*

1. Since the 96 days served on the Oceana County conviction was served after the arrest warrant was issued in the present case, and since the police department and prosecutor's office in the present case, with the exercise of due diligence, could have ascertained that defendant was interned in the Oceana County Jail, defendant was entitled to credit in the present case for the 96 days served on the Oceana County conviction.

2. A sentencing court is statutorily mandated to establish and find on the record that a probationer is or will be able to pay any ordered restitution within the term of probation before including a provision for restitution in an order of probation; accordingly, it was error for the circuit court to include a restitution provision in defendant's order of probation without

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 548.
[2] 21 Am Jur 2d, Criminal Law § 572.
Ability to pay as necessary consideration in conditioning probation or suspended sentence upon reparation or restitution. 73 ALR3d 1240.

having made the statutorily mandated finding concerning defendant's ability to pay. The restitution provision must be vacated and the matter remanded to the circuit court for sentencing in compliance with the statutory mandate.

Remanded.

1. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — DUE DILIGENCE.

A criminal defendant must be given credit for time served on a separate conviction where the police and prosecutor have failed to exercise due diligence in executing the arrest warrant for the second charge against the defendant while the defendant is serving the sentence on the separate conviction.

2. CRIMINAL LAW — SENTENCING — PROBATION — RESTITUTION.

The statute governing orders of probation mandates that a sentencing court, before including a restitution provision in an order of probation, must establish on the record a basis for a conclusion that the defendant is or will be able to pay the restitution during the period of probation; the failure of a trial judge to make such a finding on the record mandates vacation of the restitution provision of an order of probation (MCL 771.3[5][a]; MSA 28.1133[5][a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *H. Kevin Drake,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for plaintiff.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and G. R. McDONALD,* JJ.

PER CURIAM. The defendant appeals as of right a plea-based conviction of larceny in a building.

Defendant, William Kent Gleason, pled guilty to larceny in a building, pursuant to a plea agreement, on November 7, 1983. The arrest warrant was issued in Newaygo County on March 4, 1983,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

but was not executed by his arrest until June 25, 1983. Subsequent to the warrant's issuance, but prior to its execution, defendant was arrested, convicted and sentenced in Oceana County on an unrelated crime before the same court and judge. Upon serving 96 days on the unrelated crime, defendant was eligible for release, at which time defendant was arrested on the outstanding warrant for the larceny charge in the instant matter. On December 12, 1983, defendant was sentenced to two years probation with the first year to be served in the county jail. Defendant was given credit for three days which he had served following his arrest in the Newaygo County charge.

Defendant claims the trial court erred in not giving him credit for the 96 days served on the unrelated crime. Under the facts of this case defendant's position is correct.

Subsequent to the filing of a complaint, both a police department and the prosecutor's office are charged with the affirmative duty to pursue the case with "due diligence". Lack of diligence by either department constitutes an "administrative delay", which may not prejudice the defendant's statutory right to credit for time served. *People v Coyle,* 104 Mich App 636; 305 NW2d 275 (1981); *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981). The police department holding the outstanding warrant in Newaygo County reasonably should have known that defendant was interned in Oceana County jail. Accordingly, under the facts presented in this case, defendant is hereby credited with an additional 96 days served.

Defendant also claims that the provisions of his order of probation requiring him to pay restitution in the amount of $1,485.64 must be vacated because the trial court failed to comply with the requirements of MCL 771.3(5)(a); MSA

28.1133(5)(a). The prosecution agrees that the court failed to comply with the requirements of MCL 771.3(5)(a); MSA 28.1133(5)(a). The prosecution agrees that the court did not comply with the statute, but argues that the statute provides a remedy by which defendant may petition the sentencing court for a remission of the payment of restitution. We find that the restitution provision must be vacated because the sentencing court failed to establish on the record any basis for a conclusion that defendant was or would be able to pay the restitution during the term of probation. Such a finding is mandated by the statute. We also find that the remedy relied upon by the prosecution applies only to restitution which has been validly assessed. We therefore vacate this portion of the probation order and remand this cause to the sentencing court to permit the court to comply with the requirements of MCL 771.3(5)(a); MSA 28.1133(5)(a).

Remanded for proceedings consistent with this opinion.