PEOPLE v BLANEY

Docket No. 69872. Submitted September 7, 1984, at Lansing.—Decided October 12, 1984.

Joseph H. Blaney was convicted on his plea of guilty of receiving and concealing stolen property of a value over $100, Jackson Circuit Court, Russell E. Noble, J., and was sentenced to five years' probation and to pay restitution of $3,635. Defendant appealed, alleging that the trial court erred in its imposition of restitution. *Held:*

1. The court failed to inquire whether defendant was or would be able to pay restitution during probation, as mandated by statute.

2. Restitution can be imposed only as to a loss caused by the very offense of which the defendant was convicted. Testimony indicated that the ring which defendant pled guilty of receiving was worth less than $1,000. The court erred by imposing restitution in the amount of the entire loss caused by the theft of several items of property including the ring.

Remanded.

1. CRIMINAL LAW — SENTENCING — RESTITUTION — PROBATION.

A trial court, in imposing restitution as a condition of a sentence of probation, must make inquiry into whether the defendant is able to pay restitution during the probationary period (MCL 771.3[5]; MSA 28.1133[5]).

2. CRIMINAL LAW — SENTENCING — RESTITUTION.

Restitution may be imposed only as to a loss caused by the very offense of which the defendant was convicted.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede* and *Joseph A. Greenleaf,* Appellate Attorneys, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 572.

Ability to pay as necessary consideration in conditioning probation or suspended sentence upon reparation or restitution. 73 ALR3d 1240.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant pled guilty to receiving and concealing stolen property over $100. He was sentenced to five years' probation, and was assessed costs in the amount of $400 and restitution of $3,635.

Defendant argues that the trial court erred in failing to follow the mandated statutory inquiry as to whether defendant was or would be able to pay restitution during probation. We agree. We remand to the trial court for a determination of defendant's ability to pay restitution, according to MCL 771.3(5); MSA 28.1133(5). The prosecutor in his brief has agreed to this procedure. See *People v Lemon,* 80 Mich App 737; 265 NW2d 31 (1978).

The amount of restitution is reduced to the loss suffered by complainant in the loss of her ring. Although defendant was implicated in a breaking and entering into a home from which the ring and about $4,000 worth of other property was stolen, he denied having any part in the breaking and entering, he pled guilty only to receiving the ring, and the factual basis for his plea concerned only the ring. Testimony from the ring's owner suggested its was worth less than $1,000. Restitution can be imposed only as to a loss caused by the very offense of which the defendant was convicted. *People v Becker,* 349 Mich 476, 486; 84 NW2d 833 (1957).

Remanded.

---

* Retired Court of Appeals Judge, sitting on the Court of Appeals by assignment.