### PEOPLE v GOODCHILD

Docket No. 80578. Submitted May 21, 1985, at Marquette.—Decided July 26, 1985.

Grieg G. Goodchild pled guilty in Delta Circuit Court to a charge of larceny in a building and was sentenced to four years' probation and ordered to pay restitution to the store at which the crime occurred and to another store at which defendant was implicated in a burglary but never charged with that crime, Clair J. Hoehn, J. Defendant appealed. *Held:*

1. The trial court erred in failing to make the mandated statutory inquiry as to whether defendant was or would be able to pay the restitution during probation. The restitution provision in the probation order is vacated and the case is remanded to the sentencing court for a determination of defendant's ability to pay restitution in accordance with the statute.

2. Defendant can be ordered to pay restitution only to the store which was involved in the crime for which defendant was charged and to which he pled guilty. The amount of restitution is reduced to the amount to be paid to that store only.

Remanded for further proceedings.

1. CRIMINAL LAW — SENTENCING — PROBATION — RESTITUTION.

The statute governing orders of probation mandates that a sentencing court, before including a restitution provision in an order of probation, must establish on the record a basis for a conclusion that the defendant is or will be able to pay the restitution during the period of probation; the failure of a trial judge to make such a finding on the record mandates vacation of the restitution provision of an order of probation (MCL 771.3[5]; MSA 28.1133[5]).

2. CRIMINAL LAW — SENTENCING — RESTITUTION.

Restitution may be ordered only as to a loss caused by the very offense of which the defendant was convicted.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Criminal Law §§ 525 *et seq.*

Ability to pay as necessary condition and conditioning probation or suspended sentence upon reparation or restitution. 73 ALR3d 1240.

.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Steven L. Pence,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*Michael J. Manning,* for defendant on appeal. ··

Before: CYNAR, P.J., and HOOD and R. L. OLZARK,* JJ.

PER CURIAM. Defendant pled guilty to one count of larceny in a building, MCL 750.360; MSA 28.592. He was sentenced to four years' probation, the first year to be spent in jail with 59 days' credit given for time already served. Defendant was also ordered to pay over the period of probation $300 in costs and restitution in the amount of $290 to Mr. Mulvaney of the Montgomery Ward Store which was the subject of the instant charge and $5,409.25 to Mr. King of the Kobas Electric Store, which was the location of another burglary in which defendant was implicated but never charged.

Defendant contends that the trial court erred in failing to make the mandated statutory inquiry as to whether defendant was or would be able to pay the restitution during probation. After reviewing the record, we agree. Because such an inquiry is mandated by statute, *People v Gleason,* 139 Mich App 445, 448; 363 NW2d 3 (1984), we vacate the restitution provision in the probation order and remand this cause to the sentencing court for a determination of defendant's ability to pay restitution in accordance with MCL 771.3(5); MSA 28.1133(5). See also *People v Blaney,* 139 Mich App 694, 695; 363 NW2d 13 (1984).

At oral argument, defendant also contended that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he can be ordered to pay restitution only to Mr. Mulvaney of Montgomery Ward, as that was the only offense to which he pled guilty and was convicted. Defendant is correct. The record reveals that he was charged only with larceny in a building at Montgomery Ward and the factual basis for his plea concerned only that incident. Restitution can be imposed constitutionally only for a loss caused by the very offense of which the defendant was convicted. *People v Becker,* 349 Mich 476, 486; 84 NW2d 833 (1957); *People v Blaney, supra.* Therefore, the amount of restitution is reduced to $290 to be paid to Mr. Mulvaney.

Remanded for proceedings consistent with this opinion.