## PEOPLE v VAN WERT

Docket No. 78720. Submitted September 9, 1985, at Lansing.—Decided October 23, 1985.

Defendant, Steven A. Van Wert, was convicted, on his plea of guilty, of delivery of marijuana in Bay Circuit Court. The circuit court, John J. Theiler, J., sentenced defendant to from 1½ to 4 years in prison, with credit for the 205 days which he had spent in jail following his arrest. Defendant appealed. *Held:*

The sentencing credit statute, which provides that a defendant who is denied bond or is unable to post bond for an offense of which he is subsequently convicted shall be given credit against his sentence for any time spent in jail prior to the sentencing, does not apply to defendant. At his sentencing, defendant did not request credit for the 180 days he spent in the Midland County jail following his arrest on an unrelated charge. Moreover, defendant did not content that delay in the Bay County arrest was unreasonable.

Affirmed.

CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — STATUTES.

The sentencing credit statute, which provides that a defendant who is denied bond or is unable to post bond for an offense of which he is subsequently convicted shall be given credit against his sentence for any time spent in jail prior to sentencing, is remedial in nature and should be liberally construed; however, it does not apply to a defendant who does not request credit for time served on an unrelated charge prior to arrest for the instant offense and who does not contend that delay in the instant arrest was unreasonable (MCL 769.11b; MSA 28.1083[2]).

### REFERENCES

Am Jur 2d, Criminal Law §§ 548-550.

Right to credit on state sentence for time served under sentence of court of separate jurisdiction where state court fails to specify in that regard. 90 ALR3d 408.

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettie,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg),* for defendant on appeal.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR., and BEASLEY, JJ.

PER CURIAM. Defendant, Steven Allen Van Wert, pled guilty, pursuant to a plea agreement, to delivery of marijuana, MCL 333.7401(1) and 333.7401(2)(c); MSA 14.15(7401)(1) and 14.15(7401)(2)(c). Following a sentence of from 1½ to 4 years imprisonment with credit of 205 days, defendant appeals as of right.

Defendant contends he is entitled to credit of 180 days which he spent in the Midland County jail for a separate offense prior to his arrest on a charge in Bay County.

On August 13, 1982, defendant sold marijuana and LSD tablets to an individual in Bay County. On September 27, 1982, he was arrested in Midland County for breaking and entering.

The warrant for the Bay County offenses was issued on March 24, 1983, and arraignment took place on March 25, 1983. Defendant was charged with delivery of LSD, delivery of marijuana, and conspiracy to deliver a controlled substance. Pursuant to a plea agreement, defendant pled guilty to delivery of marijuana, admitted delivery of LSD, and at sentencing a nolle prosequi was to enter on the delivery of LSD and conspiracy charges. He did not appear for sentencing and was charged and later pled guilty to absconding.

From September 27, 1982, when defendant was

arrested in Midland County for breaking and entering, he was in jail continuously until March 25, 1983, when a complaint and warrant was issued in Bay County and he was arraigned on the warrant.

Defendant was sentenced on October 10, 1983, in Bay County for delivery of marijuana to a term of from 18 to 48 months and a consecutive term of from 6 to 48 months for absconding.

At sentencing, the trial judge directed an inquiry to defense counsel as to what credit should be given on the sentence. Defense counsel indicated that, of the 385 days defendant was in custody since the marijuana offense occurred, 205 days were after and 180 days were before the March 25, 1983, arrest. Credit of 205 days was given on the sentence. No request was made for credit for any part of the 180 days before the arrest, nor did defendant contend that the delay in arrest was unreasonable.

The sentencing credit statute provides that where an individual serves time in jail prior to sentencing because he is unable to post or is denied bond for an offense of which he subsequently is convicted, he shall receive credit against his sentence for any time served in jail prior to that sentencing. MCL 769.11b; MSA 28.1083(2). The credit statute, being remedial in nature, is liberally construed. The credit statute has been applied where there has been an administrative delay in arrest. *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981); *People v Coyle,* 104 Mich App 636; 305 NW2d 275 (1981); *People v Gleason,* 139 Mich App 445; 363 NW2d 3 (1984).

In this case, the sentencing credit statute does not entitle defendant to receive credit for the time served in Midland County. At the trial level, the issue of delay was never raised, nor was there any indication of an expectation of credit.

Affirmed.