PEOPLE v CHILDRESS

PEOPLE v SMITH

PEOPLE v BILLOW

Docket Nos. 83468, 83469, 83470. Submitted January 15, 1986, at Detroit. Decided February 24, 1986.

Defendants, Berneita L. Childress, Alice L. Smith, and Lucille M. Billow, were convicted by the Lake Circuit Court pursuant to a plea bargain by which felony charges were dismissed by the prosecution in exchange for their guilty pleas to misdemeanor charges of failing to keep public money safe and failing to file correct state income tax returns. The circuit court, Richard I. Cooper, J., sentenced all three defendants to three years probation with fifteen days in the county jail and ordered defendants to pay fines, costs, and restitution. Defendants appealed individually. The Court of Appeals subsequently consolidated their cases. *Held:*

1. The circuit court conducted a hearing concerning restitution, in which witnesses were presented and counsel for all three defendants argued not that restitution should not be ordered, but only as to the amount which should be ordered. None of the defendants objected to restitution and the circuit court judge noted that he was giving defendants an extended period in which to make restitution. Therefore, the circuit court complied with its statutory obligation to inquire as to defendants' ability to comply with its order for restitution.

2. The income tax violations to which defendants pleaded guilty are punishable by imprisonment for not more than one year. The maximum length of any probationary sentence on those charges is two years. The Court of Appeals therefore vacated the three-year probationary sentences as to the income

REFERENCES

Am Jur 2d, Criminal Law, § 572.

Requirement, as condition of probation, pursuant to 18 USCS § 3651, that defendant make restitution to aggrieved parties. 71 ALR Fed 789.

Ability to pay as necessary condition in conditioning probation or suspended sentence upon reparation or restitution. 73 ALR3d 1240.

tax convictions and remanded the case for entry of a maximum probationary period of two years as to those convictions.

Affirmed in part, reversed in part, and remanded.

CRIMINAL LAW — SENTENCING — PROBATION — RESTITUTION.

The statute governing orders of probation mandates that a sentencing court, before including a restitution provision in an order of probation, must establish on the record a basis for a conclusion that the defendant is or will be able to pay the restitution during the period of probation (MCL 771.3[5]; MSA 28.1133[5]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Mark D. Raven,* Prosecuting Attorney, and *Raymond O. Howd,* Assistant Attorney General, for the people.

State Appellate Defender (by *Mardi Crawford*), for defendant.

Before: HOOD, P.J., and J. H. GILLIS and J. M. BATZER,* JJ.

PER CURIAM. Defendants were convicted upon pleading guilty in accordance with a plea bargain as follows: Berneita Childress of failure to keep public money safe, MCL 750.490; MSA 28.758, and filing a fraudulent income tax return, MCL 205.27(4); MSA 7.657(27)(4); Lucille Billow of aiding and abetting, failure to keep public money safe, MCL 750.490; MSA 28.758, and failure to file a state income tax return, MCL 205.27(4); MSA 7.657(27)(4), and Alice Smith of failure to keep public monies safe, MCL 750.490; MSA 28.758, and of filing an incorrect state income tax return, MCL 205.27(4); MSA 28.657(27)(4). All three defendants were sentenced to three years probation, with fifteen days in the county jail. Each defendant was also ordered to pay a fine, costs, and restitution. In

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Ms. Childress' case and Ms. Billow's case, these amounts totalled $4,045 and in Ms. Smith's case the amounts totalled $6,550. All defendants appeal as of right.

The defendants' first claim on appeal is that the trial court failed to make a determination of defendants' ability or inability to pay restitution, and also failed to consider that restitution would require repayment of income on which defendants were still required to pay income tax.

Imposition of restitution or costs as a condition of probation is governed by MCL 771.3(5); MSA 28.1133(5), which provides in pertinent part:

> If the court imposes restitution or costs as part of a sentence of probation, the following shall apply:
>
> (a) The court shall not require a probationer to pay restitution or costs unless the probationer is or will be able to pay them during the term of probation. In determining the amount and method of payment of restitution and cost, the court shall take into account the financial resources of the probationer and the nature of the burden that payment of restitution or costs will impose, with due regard to his or her other obligations.
>
> (b) A probationer who is required to pay resitution or costs and who is not in wilful default of the payment of the restitution or costs, at any time, may petition the sentencing judge or his or her successor for a remission of the payment of restitution or costs, or both, or of any unpaid portion of restitution, costs, or both. If it appears to the satisfaction of the court that payment of the amount due will impose a manifest hardship on the probationer or his or her immediate family, the court may remit all or part of the amount due in restitution or costs or modify the method of payment.

We have held that the statute in its present

form mandates an inquiry *prior* to sentencing as to a defendant's ability to make restitution. *People v Gleason,* 139 Mich App 445, 448; 363 NW2d 3 (1984); *People v Goodchild,* 145 Mich App 266; 377 NW2d 318 (1985). In this case, we find that the statutorily required inquiry was made. The trial court held a restitution hearing which took the greater part of an entire day, in which numerous witnesses were presented, and during which counsel for all three defendants argued not that restitution should not be ordered, but only as to the *amount* which should be ordered due to each defendant's relative culpability and financial circumstances. None of defendants objected to restitution or raised any question as to their ability to pay, and the trial judge noted that he was giving defendants an extended time to make the restitution.

Under these circumstances, we find that the trial court did comply with the statute, and "took into account" the defendants' ability to make restitution. If any of the defendants finds herself unable to comply with the terms of the order of probation, § (b) of the statute provides an adequate avenue for relief since it provides that defendants may petition the court "at any time . . . for a remission of the payment of restitution or costs." We find no reversible error in the imposition of restitution.[1]

Defendants have also filed a supplemental brief in which they claim that their three-year probationary sentences are invalid since the maximum period of incarceration under the statutes involved is one year. Defendants are partially correct in this assertion.[2] The income tax violations to which

---

[1] We also reject as meritless defendants' contention that payment of restitution as well as income tax would result in double payment.

[2] Defendants' convictions on the public monies charges are two-year

defendants pled guilty are punishable by imprisonment for not more than one year. MCL 205.27(4); MSA 7.657(27)(4). The maximum length of any probationary sentence on those charges is two years. MCL 771.2(1); MSA 28.1132.

We, therefore, vacate the three-year probationary sentences as to the income tax charges and remand for entry of a maximum probationary period of two years as to those charges only. We do not retain jurisdiction.

Affirmed in part, reversed in part, and remanded.

---

misdemeanors, which are considered felonies for probationary purposes. The three-year probation periods as to those charges are therefore permissible. *People v Smith,* 423 Mich 427; 378 NW2d 384 (1985).