PEOPLE v MUSIC

Docket No. 91557. Submitted October 22, 1986, at Lansing. Decided January 21, 1987. Leave to appeal applied for.

Terry L. Music pled guilty to a charge of attempted larceny in a building and was sentenced to two years' probation, to pay a $100 fine and costs of $340 in monthly installments of $20 each, and to spend one year in jail, Jackson Circuit Court, Russell E. Noble, J. Defendant appealed, arguing that the court failed to follow a statutory requirement of determining at the time of sentencing whether defendant would be able to pay the costs imposed during the probationary period. Defendant also alleged that the amount of the costs was arbitrary.

The Court of Appeals *held:*

1. There is no statutory requirement that a court at the time of sentencing make express findings on the record of a defendant's ability to pay any fine, costs, or restitution imposed. Once the condition of payment is imposed, the defendant may then object because of inability to pay or other proper grounds. At that point, a court should be required to make a determination on the record as to the defendant's ability to pay. If restitution or costs are imposed, the court may not require payment unless the probationer is able to pay. The statute involved makes a distinction between imposition of a condition of payment and actual payment.

2. In this case, the terms of payment were imposed without adequate findings having been made. This was error, but it was harmless since defendant did not object and, in fact, complied with the terms and did not seek relief in a postconviction motion.

3. The costs imposed were appropriate, determined by the court in accordance with the applicable statute.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 570, 572, 575.

Ability to pay as necessary consideration in conditioning probation or suspended sentence upon reparation or restitution. 73 ALR3d 1240.

CRIMINAL LAW — SENTENCING — PROBATION — TERMS OF PROBATION.
    A court may, as terms of probation, impose fines, costs, or
    payment of restitution without first making express findings on
    the record at the time of sentencing of the probationer's ability
    to pay the fines, costs or restitution imposed; once the condition
    of payment is imposed, the probationer may then object be-
    cause of inability to pay or other proper grounds, and, at that
    time, the court should make a determination on the record as
    to the probationer's ability to pay (MCL 771.3; MSA 28.1133).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joe Filip,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for defendant on appeal.

Before: SULLIVAN, P.J., and SHEPHERD and R. M. SHUSTER,* JJ.

SHEPHERD, J. Defendant pled guilty to attempted larceny in a building, MCL 750.92 and 750.360; MSA 28.287 and 28.592. On August 21, 1985, the trial court sentenced defendant to two years' probation. In addition to the statutorily required probation conditions, the order of probation contained the following terms:

> 4. That he shall pay a fine of $100, and costs of $340 in 22 monthly installments of $20 each, commencing November 1, 1985. Failure to pay any monthly installment when due shall constitute a violation of the terms of this Order of Probation.
> 5. That he shall spend one year in jail, the first 45 days of which shall commence forthwith, and the balance of which shall be suspended while all terms of this Order of Probation are strictly carried out.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant argues on appeal that the trial court failed to follow a statutory requirement of determining at the time of sentencing whether defendant would be able to pay these costs during the probationary period. Defendant also alleges that the amount of costs was arbitrary.

Prior to amendment, MCL 771.3(3); MSA 28.1133(3) provided for probation conditions in addition to those required in every order:

> The court may impose other lawful conditions of probation, including restitution in whole or in part to the person or persons injured or defrauded, as the circumstances of the case may require or warrant, or as in its judgment may be proper. If the court requires the probationer to pay costs, it shall not be confined to or governed by the laws or rules governing the taxation of costs in ordinary criminal procedure, but may summarily tax and determine those costs without regard to the items ordinarily included in taxing costs in criminal cases and may include in the costs all expenses, direct and indirect, which the public has been or may be put to in connection with the apprehension, examination, trial, and probationary oversight of the probationer.

This section was amended by 1980 PA 514 and currently provides in MCL 771.3(4) and (5); MSA 28.1133(4) and (5):

> (4) The court may impose other lawful conditions of probation as the circumstances of the case may require or warrant, or as in its judgment may be proper. If the court requires the probationer to pay costs, the costs shall be limited to expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and probationary oversight of the probationer.
>
> (5) If the court imposes restitution or costs as part of a sentence of probation, the following shall apply:

(a) The court shall not require a probationer to pay restitution or costs unless the probationer is or will be able to pay them during the term of probation. In determining the amount and method of payment of restitution and costs, the court shall take into account the financial resources of the probationer and the nature of the burden that payment of restitution or costs will impose, with due regard to his or her other obligations.

A panel of this Court recently held in *People v Lambert,* 151 Mich App 328, 330; 390 NW2d 652 (1986), that failure to establish on the record any basis for a conclusion that defendant was or would be able to pay the costs during the term of probation, before imposing such as a condition of probation, requires vacating that condition and remanding to the trial court. The sentencing transcript in the instant case reveals no such findings on the record. The court did have before it defendant's affidavit of financial condition from a request for court appointed counsel. Contrary to *Lambert,* however, we do not believe that express findings on the record at the time of sentencing of ability to pay are required by the amended statute.

*Lambert* based its holding on two earlier decisions reaching a similar result for restitution, which the statute treats the same as costs. A brief discussion of those and other restitution cases, and the authority relied on in construing the statute, is necessary to explain why we reach a different conclusion.

In *People v Gleason,* 139 Mich App 445, 448; 363 NW2d 3 (1984), a panel of the Court stated that MCL 771.3(5)(a); MSA 28.1133(5)(a) "mandated" a finding on the record of a basis for the conclusion that a defendant was or would be able to pay restitution during the probationary term. This holding apparently followed solely from the

amended statute's language. This was also the basis for the holding in *People v Blaney,* 139 Mich App 694; 363 NW2d 13 (1984), in which another panel of this Court noted the "mandated statutory inquiry" and remanded for a determination of the defendant's ability to pay restitution.

*Gleason* and *Blaney* provided the authority for the similar holding in *People v Goodchild,* 145 Mich App 266; 377 NW2d 318 (1985). The panel of the Court deciding *People v Alvarado,* 142 Mich App 151, 159-160; 369 NW2d 462 (1984), apparently also concluded that a finding on the record was required by the amended statute. *Alvarado* noted, however, that "even prior to amendment of the statute, a sentencing judge was required by this Court's decisions to consider a defendant's financial resources when imposing restitution."[1]

Unlike the above panels of this Court, we do not believe the amended statute contains an express requirement that the sentencing court hold a hearing or make findings on the record before imposing costs as a condition of probation. The terms of MCL 771.3; MSA 28.1133 constitute the law, which courts are obligated to follow. Implicitly, then, the requirements of the statute will be contained in probation orders. Reading the instant order and the requirements of the statute together leads to

---

[1] The Court cited *People v Lemon,* 80 Mich App 737; 265 NW2d 31 (1978), *People v Heil,* 79 Mich App 739; 262 NW2d 895 (1977), and *People v Gallagher,* 55 Mich App 613; 223 NW2d 92, lv den 393 Mich 766 (1974). *Lemon* and *Heil* involved probation revocation for failure to pay restitution. In *Gallagher,* the question was whether it was proper to order restitution for the full value of the victim's car from which the defendant stole only a part. *Heil* also involved a dispute over how the amount of restitution should be determined in terms of the victim's loss. Both *Lemon* and *Gallagher* recommended that the defendant's participation be included in the decision to impose restitution as a probation condition. *Lemon* also noted that a "sentencing judge may not base his restitution order or revocation of probation on assumed ability to pay where such assumption is objected to by the defendant, and subsequently left unverified." 80 Mich App at 745.

the conclusion that these are appropriate costs, determined by the court in accordance with the statute. This does not preclude a defendant from objecting at sentencing to a probation condition imposing costs or restitution because of inability to pay or other proper grounds. In the face of a defendant's alleged inability to pay, we believe a court should be required to make a determination on the record, holding a hearing if necessary. We also note that a defendant not in wilful default may always petition the sentencing court for a review of the payment provision. MCL 771.3(5)(b); MSA 28.1133(5)(b). Moreover, a defendant cannot be held to have violated probation if unable to comply with the order to pay costs or restitution because of financial condition. MCL 771.3(7); MSA 28.1133(7).

We hold that all probation orders imposing payment of costs or restitution are subject to the statutory requirements of MCL 771.3; MSA 28.1133. The statutory limitations on the court's discretion to require these payments, however, are directed at the court's ability to force payment through probation revocation. The statutory language allows for the imposition of restitution or costs. It then continues that if restitution or costs are imposed the court may not require payment unless the probationer is able to pay. Thus the statute makes a distinction between *imposition* and *payment.* While a court must comply with the limitations in requiring payment of costs or restitution as a probation condition, the limitations are not directed at requiring a court to hold a hearing or make findings on the record at the time costs and restitution are imposed.

Strong public policy reasons favor this interpretation. It is beneficial to society for defendants to know that if they are able to pay restitution or the costs associated with administering justice, they

will be required to do so. There is some benefit to crime victims in knowing that courts are concerned enough to impose these requirements. Therefore, imposition of costs and restitution as probation conditions should be encouraged. Given the large number of cases coming before the courts, however, requiring a hearing and explicit findings in every case will place an unreasonable burden on trial courts. We believe it ought to be sufficient for the court to impose payment of costs and restitution as probation conditions and leave the matter of the terms of actual payment as the subject of discussion between the defendant and the probation department. Of course, a hearing before the court may be necessary if the issue of defendant's ability to pay as outlined in the statute becomes apparent to the court, the probation department, or the defendant. A defendant who feels unable to pay must be afforded the right to seek relief at any time during the probationary period, just as the probation department is free to bring the matter before the court in the event a defendant does not pay.

Furthermore, we approve of the trial judge's imposing conditions of payment at the time of sentencing if findings can be made at that time that defendant is or will be able to pay during the term of probation. In this case such terms of payment were imposed without adequate findings. This was error but we find it to be harmless since defendant did not object and, in fact, complied with the terms and did not seek relief in a post-conviction motion.

We find nothing in the record to justify defendant's argument that the amount of costs was arbitrary.

Accordingly, we find that the trial court did not

abuse its discretion in placing the objected-to conditions on defendant's probation.

Affirmed.