PEOPLE v MUSIC

Docket No. 80175. Decided July 20, 1987. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgment of the Court of Appeals.

Terry L. Music pled guilty in the Jackson Circuit Court, Russell E. Noble, J., of attempted larceny in a building. A two-year sentence of probation was imposed, and the defendant additionally was required to pay costs in monthly installments with the proviso that failure to pay any monthly installment when due would constitute a violation of the probation order. The Court of Appeals, SULLIVAN, P.J., and SHEPHERD and SHUSTER, JJ., affirmed, rejecting the defendant's contention that the statute enabling imposition of restitution as part of a sentence of probation requires that the sentencing judge first establish the defendant's ability to pay (Docket No. 91557). The Court of Appeals certified a conflict with *People v Lambert,* 151 Mich App 328 (1986). The defendant seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

A court, in imposing restitution or costs as part of a sentence of probation, need not inquire regarding the defendant's ability to pay, absent an assertion of inability by the defendant. A defendant who timely asserts such an inability must be heard, and a determination of whether the restitution or costs are within the defendant's means must be made. Likewise, a defendant who does not timely challenge the amount of costs waives the right to challenge on appeal an order imposing costs that appears on its face to be a reasonable approximation of the costs permitted.

Affirmed.

157 Mich App 375; 403 NW2d 143 (1987) affirmed.

*People v Lambert,* 151 Mich App 328; 390 NW2d 2 (1986) overruled.

*People v Goodchild,* 145 Mich App 266; 377 NW2d 318 (1985) disapproved.

*People v Alvarado,* 142 Mich App 151; 369 NW2d 462 (1984) disapproved.

*People v Gleason,* 139 Mich App 445; 363 NW2d 3 (1984) disapproved.

*People v Blaney,* 139 Mich 694; 363 NW2d 13 (1984) disapproved.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joe Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*) for the defendant.

PER CURIAM. The issue in this case is whether MCL 771.3(5)(a); MSA 28.1133(5)(a) requires that a sentencing judge inquire, before ordering that a defendant pay costs, as to the defendant's ability to pay the costs. Because we believe this question has been correctly answered in the negative by the Court of Appeals in the present case, we affirm the judgment of the Court of Appeals.

I

On April 28, 1985, the defendant tried to leave a Meijer store without paying for the sunglasses that he had hidden in his pocket. He was charged with larceny in a building, and pled guilty on June 28, 1985, to the reduced charge of attempted larceny in a building. MCL 750.360, 750.92; MSA 28.592, 28.287.

On August 21, 1985, the defendant was sentenced to a two-year term of probation, the first forty-five days of which were to be spent in the county jail. Among the other terms of the probation order was the requirement that the defendant pay "costs of $340 in 22 monthly installments of $20 each, commencing November 1, 1985." The probation order further provided that "[f]ailure to pay any monthly installment when due shall con-

stitute a violation of the terms of this Order of Probation."[1]

In the Court of Appeals, the defendant argued that he had been unlawfully ordered to pay $340 in costs. He complained that the sentencing judge had failed to satisfy MCL 771.3(5)(a); MSA 28.1133(5)(a), which reads:

> The court shall not require a probationer to pay restitution or costs unless the probationer is or will be able to pay them during the term of probation. In determining the amount and method of payment of restitution and costs, the court shall take into account the financial resources of the probationer and the nature of the burden that payment of restitution or costs will impose, with due regard to his or her other obligations.

The defendant observed that the Court of Appeals had twice held that restitution could not be ordered unless the trial court first established the defendant's ability to pay. *People v Blaney,* 139 Mich App 694, 695; 363 NW2d 13 (1984); *People v Gleason,* 139 Mich App 445, 447-448; 363 NW2d 3 (1984).

The Court of Appeals rejected the defendant's arguments, and affirmed the judgment of the trial court. *People v Music,* 157 Mich App 375; 403 NW2d 143 (1987). The panel noted that *Blaney* and *Gleason* had been followed in two other restitution cases[2] and that another panel of the Court of Appeals had accepted these defense arguments in a case in which costs had been ordered as a

---

[1] At sentencing, the judge told the defendant, "I will add a provision that you may work off the costs and fine by community service when you're free to do that." No such provision appears in the probation order.

[2] *People v Goodchild,* 145 Mich App 266, 267; 377 NW2d 318 (1985); *People v Alvarado,* 142 Mich App 151, 159-160; 369 NW2d 462 (1984). See also *People v Childress,* 153 Mich App 295; 395 NW2d 245 (1986), lv den 425 Mich 874 (1986).

term of probation. *People v Lambert,* 151 Mich
App 328; 390 NW2d 2 (1986). On the day that the
Court of Appeals affirmed the judgment of the
trial court, it certified to this Court[3] that a conflict
existed between the Court of Appeals decision in
this case and its decision in *Lambert.*

## II

After discussing the prior cases, the Court of
Appeals explained that the statute does not re-
quire that a hearing be held to determine whether
a defendant, who has not asserted an inability to
pay costs, is able to make such payment:

> Unlike the above panels of this Court, we do not
> believe the amended statute contains an express
> requirement that the sentencing court hold a hear-
> ing or make findings on the record before imposing
> costs as a condition of probation. The terms of
> MCL 771.3; MSA 28.1133 constitute the law, which
> courts are obligated to follow. Implicitly, then, the
> requirements of the statute will be contained in
> probation orders. Reading the instant order and
> the requirements of the statute together leads to
> the conclusion that these are appropriate costs,
> determined by the court in accordance with the
> statute. This does not preclude a defendant from
> objecting at sentencing to a probation condition
> imposing costs or restitution because of inability to
> pay or other proper grounds. In the face of a
> defendant's alleged inability to pay, we believe a
> court should be required to make a determination
> on the record, holding a hearing if necessary. We
> also note that a defendant not in wilful default
> may always petition the sentencing court for a
> review of the payment provision. MCL 771.3(5)(b);
> MSA 28.1133(5)(b). Moreover, a defendant cannot
> be held to have violated probation if unable to
> comply with the order to pay costs or restitution

[3] Administrative Order No. 1984-2, 418 Mich lxxxii.

because of financial condition. MCL 771.3(7); MSA 28.1133(7).

We hold that all probation orders imposing payment of costs or restitution are subject to the statutory requirements of MCL 771.3; MSA 28.1133. The statutory limitations on the court's discretion to require these payments, however, are directed at the court's ability to force payment through probation revocation. The statutory language allows for the imposition of restitution or costs. It then continues that if restitution or costs are imposed the court may not require payment unless the probationer is able to pay. Thus the statute makes a distinction between *imposition* and *payment.* While a court must comply with the limitations in requiring payment of costs or restitution as a probation condition, the limitations are not directed at requiring a court to hold a hearing or make findings on the record at the time costs and restitution are imposed. [Emphasis in original. *Music,* 157 Mich App 379-380.]

The Court of Appeals went on to explain that this interpretation comported with sound public policy:

Strong public policy reasons favor this interpretation. It is beneficial to society for defendants to know that if they are able to pay restitution or the costs associated with administering justice, they will be required to do so. There is some benefit to crime victims in knowing that courts are concerned enough to impose these requirements. Therefore, imposition of costs and restitution as probation conditions should be encouraged. Given the large number of cases coming before the courts, however, requiring a hearing and explicit findings in every case will place an unreasonable burden on trial courts. We believe it ought to be sufficient for the court to impose payment of costs and restitution as probation conditions and leave the matter of the terms of actual payment as the subject of discussion between the defendant and

the probation department. Of course, a hearing before the court may be necessary if the issue of defendant's ability to pay as outlined in the statute becomes apparent to the court, the probation department, or the defendant. A defendant who feels unable to pay must be afforded the right to seek relief at any time during the probationary period, just as the probation department is free to bring the matter before the court in the event a defendant does not pay. [*Music,* 157 Mich App 380-381.]

III

The Court of Appeals has correctly decided this case. MCL 771.3(5)(a); MSA 28.1133(5)(a) does not expressly state that a trial court must conduct a hearing to determine whether a defendant has the ability to pay costs. In the absence of a clear statement from the Legislature, the statute is to be given a reasonable interpretation. A probationer is free to ask the sentencing judge to reduce the amount of restitution or costs,[4] and it is clear that a probationer cannot be punished for failure to pay restitution or costs that the probationer

---

[4] A probationer who is required to pay restitution or costs and who is not in wilful default of the payment of the restitution or costs, at any time, may petition the sentencing judge or his or her successor for a remission of the payment of restitution or costs, or both, or of any unpaid portion of restitution, costs, or both. If it appears to the satisfaction of the court that payment of the amount due will impose a manifest hardship on the probationer or his or her immediate family, the court may remit all or part of the amount due in restitution or costs or modify the method of payment. [1982 PA 137, MCL 771.3(5)(b); MSA 28.1133(5)(b).]

A probationer who is required to pay restitution or costs and who is not in wilful default of the payment of the restitution or costs, at any time, may petition the sentencing judge or his or her successor for a remission of the payment of any unpaid portion of restitution, costs, or both. If it appears to the satisfaction of the court that payment of the amount due will impose a manifest hardship on the probationer or his or her

cannot afford.[5] Moreover, a defendant who timely asserts[6] an inability to pay restitution or costs must be heard. In that situation, a sentencing judge shall determine whether the restitution or costs are within the defendant's means.

IV

The defendant has also argued in the Court of Appeals and in this Court that the amount of the costs that he was ordered to pay ($340) is "an arbitrary amount" that has been determined without reference to MCL 771.3(4); MSA 28.1133(4), which requires that costs be "limited to expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and probationary oversight of the probationer."

immediate family, the court may remit all or part of the amount due in restitution or costs or modify the method of payment. [1985 PA 89, MCL 771.3(5)(b); MSA 28.1133(5)(b).]

[5] If a probationer sentenced to pay restitution or costs is in default, he or she shall be subject to contempt proceedings unless the probationer shows to the satisfaction of the sentencing court that the default is not attributable to an intentional refusal to obey the order of the court or an intentional failure to make the payments. The proceedings provided for in this subsection shall be in addition to those provided in [MCL 771.4; MSA 28.1134]. [1982 PA 137, MCL 771.3(7); MSA 28.1133(7).]

If a probationer is ordered to pay restitution or costs as part of a sentence of probation, compliance with that order shall be a condition of probation. The court may revoke probation if the probationer fails to comply with the order and if the probationer has not made a good faith effort to comply with the order. In determining whether to revoke probation, the court shall consider the probationer's employment status, earning ability, financial resources, and the willfulness of the probationer's failure to pay, and any other special circumstances that may have a bearing on the probationer's ability to pay. The proceedings provided for in this subsection shall be in addition to those provided in [MCL 771.4; MSA 28.1134]. [1985 PA 89, MCL 771.3(7); MSA 28.1133(7).]

[6] See *People v Walker*, 428 Mich 261, 266; 407 NW2d 367 (1987).

In the earlier paragraphs of this opinion, we explained that a defendant's ability to pay restitution and costs need be determined only when a defendant asserts an inability to make such payments. Likewise, a defendant who does not timely challenge the amount of costs waives the right on appeal to challenge an order for costs that appears on its face to be a reasonable approximation of the costs permitted by MCL 771.3(4); MSA 28.1133(4).

In lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals for the reasons stated in this opinion. We overrule *Lambert* and we disapprove *Blaney* and *Gleason*.[7] MCR 7.302(F)(1).

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred.

---

[7] We also disapprove *Goodchild* and *Alvarado*.