*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KISHWAR HAMID KUYKENDALL,

        Defendant-Appellant.

UNPUBLISHED
January 27, 2022

No. 351321
Genesee Circuit Court
LC No. 18-043835-FC

Before: K. F. KELLY, P.J., and JANSEN and RICK, JJ.

PER CURIAM.

Defendant appeals by right his jury convictions of one count each of felon in possession of a firearm (felon-in-possession) and felon in possession of ammunition (felon-in-possession of ammunition), and two counts of use of a firearm during the commission of a felony (felony-firearm). Defendant was acquitted of open murder and a corresponding felony-firearm charge. Finding no errors warranting reversal, we affirm.

## I. BACKGROUND

This case comes to us after the murder of Simeon Black, an 18-year-old who was shot to death at an apartment complex in Genesee County. The events leading to Black's death began when a gun was taken without permission by Dreshavon Jones from one of his acquaintances named "Leonte." The gun in question was considered a "pass-around," meaning it was shared among a group of friends who would allow anybody in the group access to the gun when it was needed. After taking the gun without Leonte's permission, Jones gave it to Black.

A group of people, among them defendant, went to Jones's apartment to confront him about taking the gun from Leonte. Upon their arrival, Black, who was also at Jones's apartment, exited through the back door of the apartment building and attempted to flee. Several people, including defendant, gave chase and, during this pursuit, Black was shot and killed. Defendant initially claimed to have never touched a gun that night, but later admitted to police to firing two shots at the victim in self-defense. Despite this admission, defendant denied being the individual who shot Black.

At trial, defendant again claimed that he had not touched a gun on the day Black was shot. However, a security guard patrolling the apartment complex, who was familiar with who defendant was, testified he saw defendant holding and later dropping a handgun around the time of the shooting. Defendant was convicted as described above and sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 35 to 140 months' imprisonment for felon-in-possession, 35 to 140 months' imprisonment for felon-in-possession of ammunition, two years' imprisonment for each count of felony-firearm, and two to six years' imprisonment for lying to a peace officer. This appeal followed.

Defendant now challenges his convictions of felon-in-possession, felon-in-possession of ammunition, and the accompanying counts of felony-firearm on the basis that the trial court's instructions were erroneous.[1] Defendant also argues he is entitled to 310 days of additional jail credit for time he spent in pretrial confinement before being charged and brought to trial.[2]

## II. DISCUSSION

## A. JURY INSTRUCTIONS

Defendant first argues the trial court's instruction defining constructive possession was insufficient for purposes of the felon-in-possession charge. Defendant's claim of error is premised on the fact the trial court instructed the jury on the definition of "possession" in the context of the felony-firearm charge, but did not properly instruct the jury on the definition of "possession" in the context of the felon-in-possession charge. The court provided the following definition of the word possession:

> Possession does not necessarily mean ownership. Possession means that either the person had actual physical con—control of the thing as I do with this orange highlighter I'm holding or the person knows the location of the firearm and has reasonable access to it.

> Possession may be sole where one person alone possesses the firearm. Possession may be joint where two or more people share possession.

After deliberations began, the jury posed a question regarding the definition of possession, asking the trial court: "Is being in the vicinity of others with guns being in possession[?]" The court told the parties that it had already provided the definition of possession twice and stated that

---

[1] Defendant does not challenge his conviction of lying to a peace officer during a violent crime investigation, MCL 750.479c(2)(d).

[2] Defendant's challenge to the length of his sentence was not contained in his initial brief to this Court. However, defendant sought and was granted leave to file a supplemental brief raising this issue. *People v Kuykendall*, unpublished order of the Court of Appeals, entered December 1, 2021 (Docket No. 351321). Defendant also concurrently filed a motion to remand to the trial court for the purpose of resentencing defendant. Because we conclude the trial court's sentence was proper, we deny defendant's motion to remand for resentencing.

it would simply refer "the jurors to instruction 11.34B, which defines possession." Both parties affirmatively agreed there was no objection to having the trial court read MI Crim JI 11.34b. Having affirmatively agreed to this instruction, we conclude defendant has waived review of this issue.[3] *People v Chapo*, 283 Mich App 360, 372-373; 770 NW2d 68 (2009) ("Counsel's affirmative expression of satisfaction with the trial court's jury instruction waived any error."); *People v Buie*, 491 Mich 294, 312; 817 NW2d 33 (2012) ("Defense counsel cannot acquiesce to the court's handling of a matter at trial, only to later raise the issue as an error on appeal.").

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that his trial counsel provided ineffective assistance by failing to request a proper instruction on the definition of constructive possession for purposes of the felon-in-possession charges. We disagree.

Claims of ineffective assistance of counsel present mixed questions of fact and law. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). Factual findings are reviewed for clear error and legal conclusions are reviewed de novo. *Id*. "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009) (quotation marks and citation omitted). Where a defendant fails to preserve a claim of ineffective assistance of counsel by failing to seek a *Ginther*[4] hearing in the trial court, this Court's "review is limited to mistakes apparent on the record." *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

"To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability exists that the outcome of the proceeding would have been different but for trial counsel's errors." *Head*, 323 Mich App at 539 (quotation marks and citation omitted; alteration removed). "[A] reasonable probability is a probability sufficient to undermine confidence in the

---

[3] Waiver is defined as "the intentional relinquishment or abandonment of a known right." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (quotation marks and citation omitted). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Buie*, 491 Mich 294, 306; 817 NW2d 33 (2012) (quotation marks and citation omitted).

Even if defendant had not waived the issue, his substantive arguments are unpersuasive. A witness familiar with defendant testified seeing defendant holding and then dropping a handgun around the time Black was shot. The jury was, therefore, entitled to conclude defendant was in actual (and not constructive) possession of the handgun on the date of the offense. In other words, even if the trial court gave the jury the instruction defendant argues was missing, the result would have been the same. Moreover, "[t]he failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused." MCL 768.29; see also *People v Sardy*, 216 Mich App 111, 113; 549 NW2d 23 (1996) ("This Court will not reverse a conviction on the basis of alleged instructional error unless the defendant has requested the omitted instruction or objected to the instructions given.").

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). "Effective assistance of counsel is presumed and defendant bears the burden of proving otherwise." *Petri*, 279 Mich App at 410; see also *People v Uphaus*, 278 Mich App 174, 185; 748 NW2d 899 (2008) ("Defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy.").

Defendant was convicted of violating MCL 750.224f, which prohibits a person convicted of a felony from, among other things, possessing a firearm or ammunition until he or she has fulfilled the requirements necessary to have the right restored. Defendant challenges the definition of possession that was provided to the jury. "A court must properly instruct the jury so that [the jury] may correctly and intelligently decide the case." *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018) (quotation marks and citations omitted). "The instruction to the jury must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *Id*. (quotation marks and citation omitted).

Possession can be actual or constructive. *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). "The test for constructive possession is whether the totality of the circumstances indicates a sufficient nexus between defendant and the contraband." *Id*. at 91-92 (quotation marks and citation omitted). "[A] person has constructive possession if he knowingly has the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons." *Id*. at 92 (quotation marks, citation, and alteration omitted). Constructive possession requires "proximity to the article together with indicia of control. Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011) (quotation marks and citation omitted).

Defendant argues his attorney was ineffective for failing to request the proper instruction from the trial court. According to defendant, the trial court's instruction was inadequate to inform the jury of the definition of constructive possession for the purposes of felon-in-possession because it did not articulate the element of "dominion and control," which is relevant to the felon-in-possession charge. The trial court instructions to the jury on actual and constructive possession were derived from M Crim JI 11.34, the instructions for felony-firearm:

> Possession does not necessarily mean ownership. Possession means that either the person had actual physical con—control of the thing as I do with this orange highlighter I'm holding or the person knows the location of the firearm and has reasonable access to it.

> Possession may be sole where one person alone possesses the firearm. Possession may be joint where two or more people share possession.

Even assuming that the challenged instruction did not adequately convey the notion of an intent to exercise control over the weapon, and that counsel's failure to request a more accurate instruction constituted deficient performance, any error was not outcome-determinative because the jury reasonably concluded defendant *actually* possessed a firearm on the date of the offense. A security guard testified that he saw defendant holding a gun and that defendant dropped the gun while fleeing from him. While defendant testified at trial that he never touched the gun, he

previously admitted to the police that he picked up the gun and fired two shots toward the victim. Defendant also admitted to police that when the security guard approached him, he dropped his gun and fled. Other than defendant's own self-serving and contradictory testimony, which was inconsistent with his former statements and statements from witnesses, the record was bereft of evidence upon which the jury could have based a finding that defendant had *constructively* possessed a weapon.

Defendant claims the jury's question to the trial court during deliberations—"Is being in the vicinity of others with guns being in possession[?]"—is evidence the jury believed defendant only constructively possessed the firearm and was confused by the trial court's instruction. It may be that the jury was inclined to only convict defendant on the basis of constructive possession of the handgun. It may also be, however, that the jury wanted to understand all of the different elements in their entirety before rendering a verdict. We cannot state on the basis of the question alone the jury only believed defendant constructively possessed the handgun. Accordingly, defendant cannot show that even if his attorney's performance fell below the objective standard, the result would have been different. See *Head*, 323 Mich App at 539.

## C. JAIL CREDIT

In defendant's supplemental brief, he asserts that he should be given credit for the approximately 10 months he spent in pretrial detention before being charged with the offenses for which he was actually tried and convicted. Defendant claims he was detained for violating his probation on an unrelated conviction of second-degree home invasion and never afforded bond. He asserts he is entitled to credit for the time spent in pretrial detention under MCL 769.11b. We disagree.

Questions of constitutional law are reviewed de novo. *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011).[5] This Court also reviews de novo questions of statutory interpretation. *People v Ambrose*, 317 Mich App 556, 560; 895 NW2d 198 (2016). "The fundamental task of statutory construction is to discover and give effect to the intent of the Legislature." *Id.* at 561 (quotation marks and citation omitted). When the language of the statute is unambiguous, judicial construction is not permitted and we apply the statute as written. *Id.*

Defendant, however, did not preserve the arguments raised in his supplemental brief because he failed to raise them in the trial court below. See *People v Anderson*, 322 Mich App

---

[5] Defendant did not preserve his constitutional argument regarding his sentence because he failed to raise it in the trial court. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007) ("For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court."). Unpreserved issues are reviewed for plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To avoid forfeiture, "three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* Whether the error affected substantial rights "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.*

622, 625; 912 NW2d 607 (2018) ("To preserve a sentencing issue for appeal, a defendant must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals."); *People v Green*, 322 Mich App 676, 681; 913 NW2d 385 (2018) ("Constitutional challenges must be raised in the trial court; otherwise, those challenges are not properly preserved for appellate review.") (quotation marks and citation omitted). Accordingly, we review this issue for plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).[6]

Turning first to defendant's claim for statutory relief, he argues that because he was never adjudicated as guilty with respect to the probation violation, he is entitled to credit under MCL 769.11b. His argument appears to be that because he was incarcerated for the probation violation—triggered by his arrest after Black's death—he was denied bond "for the offense of which he is convicted." We disagree.

We begin with the words of the statute itself. MCL 769.11b states, in pertinent part:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

"The statute 'neither requires nor permits sentence credit in cases . . . where a defendant is released on bond following entry of charges arising from one offense and, pending disposition of those charges, is subsequently incarcerated as a result of charges arising out of an unrelated offense or circumstance . . . .' " *People v Clark*, 315 Mich App 219, 234; 888 NW2d 309 (2016), quoting *People v Prieskorn*, 424 Mich 327, 340; 381 NW2d 646 (1985). In other words, "under MCL 769.11b, when a parolee is 'required to remain in jail pending . . . resolution of [a] new criminal charge for reasons independent of his eligibility for or ability to furnish bond for the new offense, the jail credit statute does not apply.' " *Clark*, 315 Mich App at 234-235; quoting *People v Idziak*, 484 Mich 549; 773 NW2d 616 (2009).

In *People v Allen*, ___ Mich ___; ___ NW2d ___ (2021) (Docket No. 160594), the Michigan Supreme Court recently addressed the issue of whether a defendant is entitled to credit under MCL 769.11b when the defendant is incarcerated while on parole but no parole detainer is issued by authorities. In such situations, the Michigan Supreme Court held that "parolees who are not arrested or detained under MCL 791.238 or arrested under MCL 791.239 who spend time in jail because of the denial of or inability to furnish bond are entitled to jail credit until the MDOC

---

[6] To avoid forfeiture, "three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763. Whether the error affected substantial rights "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. And even if a defendant can establish all three requirements, the reviewing court may still "exercise its discretion in deciding whether to reverse." *Id*.

files a parole detainer under MCL 791.239." *Allen*, ___ Mich at ___; slip op at 14. However, the Court explained:

> [O]nce the individual is held for the parole violation, his or her continued detention has nothing to do with a denial of or inability to furnish bond in the new criminal proceeding. And once the individual is not being held because he or she was denied or unable to furnish bond in that proceeding, he or she is no longer entitled to jail credit under MCL 769.11b toward any sentence imposed in the new proceeding. [*Allen*, ___ Mich at ___; slip op at 7.]

Unlike the defendant in *Allen*, defendant in this case was incarcerated for the probation violation under a detainer. Defendant pleaded no contest to second-degree home invasion and possession of burglar tools on July 10, 2013. He was then sentenced to three-years' probation with a year in the county jail, with credit for 160 days. On March 17, 2017, five days after Black's death, a warrant was issued for defendant's arrest regarding the probation violation. Under *Allen*, defendant's detention, beginning March 17, 2017, had "nothing to do with a denial of or inability to furnish bond in the new criminal proceeding." *Id*. Instead, his inability to post bond was a result of the probation violation. Accordingly, defendant is not entitled to credit under MCL 769.11b, and the trial court did not plainly err when it sentenced defendant.

## D. DUE PROCESS

Alternatively, defendant asserts his pretrial detention was a violation of due process because the delay between his unrelated detention and the amended charges was unreasonable. We find the argument unpersuasive. The United States and Michigan constitutions guarantee that no state shall deprive any person of "life, liberty or property, without due process of law." US Const, Amend XIV; Const 1963 art 1, § 17. Defendant claims the delay between when charges were initially filed on March 17, 2017, and the new charges were filed on January 18, 2018 was unreasonable and, therefore, a violation of due process.

In support of his argument, defendant relies on various cases from this Court in which we concluded there was lack of due diligence from law enforcement in bringing charges or investigating the case. See *People v Gleason*, 139 Mich App 445, 447; 363 NW2d 3 (1984) ("Lack of diligence by either department constitutes an 'administrative delay,' which may not prejudice the defendant's statutory right to credit for time served."); *People v Parshay*, 104 Mich App 411, 416; 304 NW2d 593 (1981) ("Where the police have failed to live up to this standard and delay in the issuance of an arrest warrant is the result, if defendant is incarcerated on another offense, unless that other offense precludes concurrent sentencing, we believe defendant must be given credit from the beginning of his incarceration and not just from the date upon which the arrest warrant is issued."); *People v Face*, 88 Mich App 435, 440-441; 276 NW2d 916 (1979) ("[W]e are persuaded that defendant should be given credit for this time for the reason that the effect of the action taken by the authorities in waiting to arrest defendant until after she served the Lenawee County sentence is to impose consecutive sentences upon her.").

Such is not the case here. Defendant was arraigned on his probation violation on March 20, 2017. Defendant was in front of the trial court again on March 29, 2017, in which defendant asked to adjourn the hearing because he wanted to see if new charges would be filed in the case of Black's shooting. The trial court then adjourned the hearing to October 18, 2017. Defendant did

not object to the length of the adjournment, and the trial court indicated it would hold the hearing sooner if no new charges were forthcoming. Although the October 18, 2017 hearing was also adjourned, this was due, in part, to defendant's request that the hearing be held only on the felony-firearm counts, and not the homicide count.

In short, there is no evidence that plaintiff acted arbitrarily or vindictively in pursuing charges against defendant. See *People v Ryan*, 451 Mich 30, 35-36; 545 NW2d 612 (1996) (holding that prosecutorial vindictiveness constitutes a due process violation). Accordingly, he has not met his burden to show that his sentence violated due process.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Kathleen Jansen
/s/ Michelle M. Rick