# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SAMUEL DEMETRIOUS AMBROSE,

        Defendant-Appellant.

FOR PUBLICATION
October 25, 2016
9:00 a.m.

No. 327877
Allegan Circuit Court
LC No. 14-018928-FH

Before: K. F. KELLY, P.J., and O'CONNELL and BOONSTRA, JJ.

BOONSTRA, J.

Defendant pleaded guilty to felonious assault, MCL 750.82; and intimidating or interfering with a witness, MCL 750.122(7)(a). The trial court sentenced him to 32 to 48 months' imprisonment (with credit for 212 days served) for his felonious-assault conviction and 16 to 48 months' imprisonment (with credit for 201 days served) for his intimidating or interfering with a witness conviction, the sentences to run consecutively. Defendant appeals his felonious assault sentence by delayed leave granted, the issue limited to the scoring of offense variable (OV) 9, MCL 777.39.[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

A detailed recitation of the facts underlying defendant's plea is unnecessary for the resolution of the issue on appeal. Defendant pleaded guilty to feloniously assaulting his pregnant girlfriend, including wrestling her out of her wheelchair, threatening her with a knife, punching her in the abdomen, and holding her head under water. At sentencing, the trial court found that OV 9 was properly scored at 10 points for two to nine victims placed at risk of bodily injury or loss of life, stating:

[A]nd I'm affirming the score of OV 9 for the number of victims and I guess I take my queue from statutes MCL 750.90(a) and 90(b), criminalizing behavior which intentionally causes miscarriage or stillbirth or injury to an embryo or a

---

[1] *People v Ambrose,* unpublished order of the Court of Appeals, entered August 13, 2015 (Docket No. 327877).

fetus. It criminalizes that behavior so these statutes affected both of them on June 1, 2001, never been set aside by any court in Michigan or any federal court as violative of law, constitution or any other legal mandate. Seemed to send the message, we respect the right of a fetus to calm and peaceful environmental circumstances without threat of harm to them. And the defendant, it said in this report, punched the victim not only in her head but in her belly area when she was pregnant with this child so I'm satisfied that if the legislature wants to tell us we can't criminalize the defendant's behavior because, as a second person, because that second person is a fetus, well they can give us that guidance and we'll, you know, we'll respond accordingly.

The trial court imposed a sentence that was an upward departure from the recommended minimum sentencing guidelines range. The trial court found that the following substantial and compelling reasons[2] justified the departure: the victim was a stroke victim, handicapped, in a wheelchair, and pregnant; part of the victim's body was not functional; the victim could not defend herself; defendant knew about the victim's stroke and the wheelchair; the victim was obviously very frightened; the injuries to the victim, which included a bruise and scratches; the mud on the victim's face and hair; the use of a knife; the terror of being held under water as a stroke victim who cannot struggle as can a fully healthy person; and the terror of being held under water contemplating one's death and that of one's baby. The trial court noted that its minimum sentence of 32 months departed "slightly more than 10% above the maximum guideline" of 29 months and that this departure was "minimalistic even given the high state of terror and the callousness demonstrated in this crime." This appeal followed.

## II. STANDARD OF REVIEW

We review de novo issues of statutory interpretation. *People v Kern*, 288 Mich App 513, 516; 794 NW2d 362 (2010). Issues involving "the proper interpretation and application of the legislative sentencing guidelines, MCL 777.11 *et seq.* . . . are legal questions that this Court reviews de novo." *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citation omitted).

---

[2] A sentencing court is no longer required to justify an upward departure with substantial and compelling reasons, as we discuss further later in this opinion. *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015), cert den sub nom *Michigan v Lockridge*, ___ US ___; 136 S Ct 590; 193 L Ed 2d 487 (2015).

III. ANALYSIS

Defendant argues that the trial court erred by scoring OV 9 at 10 points instead of zero points, because a fetus cannot be counted as a "victim" in scoring OV 9. We disagree.[3]

"The fundamental task of statutory construction is to discover and give effect to the intent of the Legislature." *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). "The statute's words are the most reliable indicator of the Legislature's intent and should be interpreted based on their ordinary meaning and the context within which they are used in the statute." *People v Lowe*, 484 Mich 718, 721-722; 773 NW2d 1 (2009). If the statutory language is unambiguous, then the statute is applied as written. *Borchard-Ruhland*, 460 Mich at 284. "If the statute defines a term, that definition controls." *People v Wiggins*, 289 Mich App 126, 128; 795 NW2d 232 (2010). When interpreting the Michigan Penal Code, MCL 750.1 et seq., this Court is not to apply strict construction, but must construe the provisions according to the fair import of their terms, to promote justice and to effect the objects of the law. MCL 750.2; *People v Flick*, 487 Mich 1, 11; 790 NW2d 295 (2010).

The legislative instructions for scoring OV 9 are found in MCL 777.39, which provides in relevant part:

(1) Offense variable 9 is number of victims. Score offense variable 9 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

* * *

(c) There were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss ….. 10 points

(d) There were fewer than 2 victims who were placed in danger of physical injury or death, or fewer than 4 victims who were
placed in danger of property loss ……………………………………. 0 points

(2) All of the following apply to scoring offense variable 9:

(a) Count each person who was placed in danger of physical injury or loss of life or property as a victim.

---

[3] On appeal, the prosecution has not advanced its argument below that the trial court correctly scored OV 9, instead focusing its appellate argument on whether resentencing is in any event necessary. However, we disagree with any assumption that defendant's OV 9 score requires that a fetus be found to be a "person" under the law. Instead, and because we conclude that the trial court could properly score the fetus as a "victim" without finding the fetus to be a "person," we hold, in our de novo review of the interpretation and application of the sentencing guidelines, that the trial court did not err in the scoring of OV 9.

For OV 9 to be scored at 10 points, there must have been "2 to 9 victims," MCL 777.39(1)(c). MCL 777.39(1)(c) does not define "victim." However, MCL 777.39(2)(a) does instruct courts to score each person who was placed in danger of physical injury or loss of life or property as a victim. Notably, MCL 777.39(2)(a) contains no words limiting the definition of "victim" to persons who were placed in danger of physical injury or loss of life or property. Rather, it simply states that such persons *must* be counted as victims.[4] Thus, we conclude that there is no basis to conclude that the word "victim" as used in MCL 777.39 must be defined only to include persons who suffered danger of physical injury or loss of life. See, e.g., *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd.*, 240 Mich App 153, 172; 610 NW2d 613 (2000) (refusing to limit the statutory definition of "member" in a particular act to only accredited associations in light of the lack of limiting language in the act's definition of member).

Further, because we read MCL 777.39(2)(a) as only providing guidance to the trial court about who *must* be counted as a "victim," and not as providing a complete and limiting definition of the term "victim," we may consult a dictionary for guidance. See *People v Stone*, 463 Mich 558, 563; 621 NW2d 702 (2001). *Merriam-Webster's Collegiate Dictionary* (11th ed), p 1394, defines "victim" as "one that is acted on and usu[ally] adversely affected by a force or agent." We thus conclude that MCL 777.39 allows a trial court, when scoring OV 9, to count as a "victim" "one that is acted on" by defendant's criminal conduct and placed in danger of loss of life, bodily injury, or loss of property. *Stone*, 463 Mich at 563.

Our Legislature has indicated that a fetus may be placed at risk of loss of life or bodily injury. For example, MCL 750.90a provides:

> If a person intentionally commits conduct proscribed under sections 81 to 89 [which involve various types of assault offenses] against a pregnant individual, the person is guilty of a felony punishable by imprisonment for life or any term of years if all of the following apply:
>
> (a) The person intended to cause a miscarriage or stillbirth by that individual or death or great bodily harm to the embryo or fetus, or acted in wanton or willful disregard of the likelihood that the natural tendency of the person's conduct is to cause a miscarriage or stillbirth or death or great bodily harm to the embryo or fetus.
>
> (b) The person's conduct resulted in a miscarriage or stillbirth by that individual or death to the embryo or fetus.

---

[4] "Person" is defined under the Penal Code as "an individual or, unless a contrary intention appears, a public or private corporation, partnership, or unincorporated or voluntary association." MCL 750.10. A similar definition appears in the Code of Criminal Procedure. MCL 761.1(a).

Additionally, MCL 750.90b provides:

> A person who intentionally commits conduct proscribed under sections 81 to 89 against a pregnant individual is guilty of a crime as follows:
>
> (a) If the conduct results in a miscarriage or stillbirth by that individual, or death to the embryo or fetus, a felony punishable by imprisonment for not more than 15 years or a fine of not more than $7,500.00, or both.
>
> (b) If the conduct results in great bodily harm to the embryo or fetus, a felony punishable by imprisonment for not more than 10 years or a fine of not more than $5,000.00, or both.
>
> (c) If the conduct results in serious or aggravated physical injury to the embryo or fetus, a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both.
>
> (d) If the conduct results in physical injury to the embryo or fetus, a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both. [Emphasis added.]

And MCL 750.90e provides:

> If a person operates a motor vehicle in a careless or reckless manner, but not willfully or wantonly, that is the proximate cause of an accident involving a pregnant individual and the accident results in a miscarriage or stillbirth by that individual or death to the embryo or fetus, the person is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both. [Emphasis added.]

In this case, the trial court noted conduct by defendant that placed the fetus at risk of bodily injury or loss of life, not only as an indirect result of the risk of death or harm to the mother but also as a direct result of blows to the mother's abdominal area. Under the circumstances of this case, and without declaring the fetus in this case to be a "person" under the law, we conclude the trial court did not err in counting the fetus as a "victim" for purposes of scoring OV 9.[5]

---

[5] The instant case is distinguishable from this Court's recent decision in *People v Jones*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 3322018). In *Jones*, this Court determined that a fetus is not a "child" for the purposes of first-degree child abuse, MCL 750.136b(2). *Id.*, slip op at 9. Importantly, the term "child" is statutorily defined as "a *person* who is less than 18 years of age and is not emancipated by operation of law . . . ." *Id.*, slip op at 4; see also MCL 750.136b(1)(a). The issue in *Jones* was thus whether a fetus is included in the definitions of "person" found in the Penal Code and Code of Criminal Procedure, which, for the reasons we

Further, even if we were to assume that the trial court erred in scoring OV 9, we would conclude that resentencing is not required. Under *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015), a trial court's departure from a defendant's recommended sentencing guidelines range is reviewed by this Court for reasonableness. Defendant has not challenged the trial court's departure from the guidelines as unreasonable. In light of the facts of this case, the trial court's lengthy articulation of its reasons for departing from the guidelines, and the minor extent of the departure, we hold that the departure was reasonable. Although in *People v Biddles*, ___ Mich App ___, ___; ___ NW2d___ (2016) (Docket No. 326140); slip op at 4, we recently clarified the distinction between *Francisco*[6] errors and *Lockridge* errors, *Biddles* did not deal with an upward departure, and we do not read *Biddles* as requiring remand for a *Francisco* error when we have determined (as here) that a sentencing departure is reasonable under *Lockridge* and the sentence "did not rely on the minimum sentence range from the improperly scored guidelines" at issue. *Lockridge*, 498 Mich at 394; see also *People v Mutchie*, 468 Mich 50, 52; 658 NW2d 154 (2003) (holding that it was unnecessary to determine if a scoring error in OV 11 existed and required resentencing when the sentences imposed were departures "above the recommended range in any event, and the court expressly stated" the reasons for the departure).

Affirmed.

/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly

---

state in this opinion, is a determination not necessary for the resolution of the issue before us in the instant case.

[6] *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).