# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY TAYLOR BALL,

Defendant-Appellant.

UNPUBLISHED
October 18, 2018

No. 337146
Calhoun Circuit Court
LC No. 2015-001706-FC

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of second-degree child abuse, MCL 750.136b(3), for which he was sentenced to 57 to 120 months' imprisonment. We affirm.

This case arises out of the death of a 20-month old child. The victim's mother was dating defendant and the victim was in his care when she became unresponsive on December 18, 2014. She was pronounced dead the following day. It was undisputed that the victim died as a result of a traumatic brain injury, but the manner in which she received the injury was disputed, i.e., either intentionally inflicted or accidental. Defendant was charged with first-degree felony murder and first-degree child abuse. At the conclusion of trial, the jury acquitted defendant of first-degree felony murder and convicted defendant of the lesser-included offense of second-degree child abuse. This appeal followed.

Defendant first argued that the trial court abused its discretion in allowing the testimony of two expert witnesses who testified for the prosecution at trial. However, at oral argument defendant withdrew this first issue on appeal, leaving for our consideration only the second issue which is whether he is entitled to resentencing because the trial court improperly scored offense variable (OV) 3 at 100 points.

We review de novo issues of statutory interpretation, including the proper interpretation and application of the legislative sentencing guidelines. *People v Ambrose*, 317 Mich App 556, 560; 895 NW2d 198 (2016) (quotation marks and citation omitted). The trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *Id*. (quotation marks and citation omitted).

MCL 777.33 provides for the scoring of 100 points for OV 3 if a victim is killed and the death results from the commission of a crime, but homicide is not the sentencing offense. MCL

-1-

777.33(1)(a), (2)(b). Our Supreme Court has explained "that the defendant's criminal actions must constitute a factual cause of a death for purposes of OV 3." *People v Laidler*, 491 Mich 339, 345; 817 NW2d 517 (2012). More particularly:

> In determining whether a defendant's conduct is a factual cause of the result, one must ask, 'but for' the defendant's conduct, would the result have occurred? Specifically, 'but for' defendant's commission of a crime, would [the victim's] death have occurred? [*Id.* (quotation marks and citations omitted).]

In this case, the victim died of a traumatic head injury. She was in defendant's care when she became unresponsive. He was acquitted of first-degree felony murder. However, the jury convicted defendant of second-degree child abuse. In pertinent part, MCL 750.136b(3) provides:

> (3) A person is guilty of child abuse in the second degree if any of the following apply:

> (a) The person's omission causes serious physical harm or serious mental harm to a child or if the person's reckless act causes serious physical harm or serious mental harm to a child.

> (b) The person knowingly or intentionally commits an act likely to cause serious physical or mental harm to a child regardless of whether harm results.

> (c) The person knowingly or intentionally commits an act that is cruel to a child regardless of whether harm results.

Based on the record in this case, the trial court could find by a preponderance of the evidence that defendant's criminal actions—the second-degree child abuse—caused the victim's death. In other words, the victim would not have died but for defendant's commission of the convicted offense, second-degree child abuse. See *Laidler*, 491 Mich at 346. Therefore, defendant was a factual cause of the victim's death and the trial court properly scored OV 3 at 100 points. See *id.* Consequently, defendant is not entitled to resentencing.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Anica Letica