# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

GABRIEL JANEEA FRANK,

      Defendant-Appellant.

UNPUBLISHED
December 6, 2018

No. 336243
Wayne Circuit Court
LC No. 16-004396-01-FH

---

Before: O'BRIEN, P.J., and TUKEL and LETICA, JJ.

LETICA, J. (*concurring in part, dissenting in part*).

I concur in the result, agreeing with the majority's analysis on both PRV 5 and OV 13. And even assuming that defense counsel's pretrial investigation was deficient for failing to uncover the adult victim's prior criminal history and the prosecution failed to disclose the adult victim's criminal history, I agree that defendant suffered no prejudice. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."); *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963); *People v Chenault*, 495 Mich 142, 159; 845 NW2d 731 (2014) ("As *Brady* materiality is assessed under the same 'reasonable probability' standard that is used to assess prejudice under *Strickland v Washington*, 466 US 668[], we similarly conclude that the defendant cannot establish prejudice in order to prevail on his ineffective assistance of counsel claim.") (footnote omitted). This is so because there were other victims here, not just one. Thus, any additional impeachment of the adult victim under MRE 609 does not undermine confidence in the trial's outcome.

But I respectfully disagree that the sentencing court clearly erred by assessing 10 points for OV3. " 'To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week old, unrefrigerated dead fish.' " *People v Cheatham,* 453 Mich 1, 30 n 23; 551 NW2d 355 (1996), quoting *Parts & Electric Motors, Inc v Sterling Electric, Inc*, 866 F2d 228, 233 (CA 7, 1988). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002).

MCL 777.33(1)(d) directs the trial court to assess 10 points for OV 3 where "[b]odily injury requiring medical treatment occurred to a victim[.]" "[A] 'victim' is any person who is harmed by the defendant's criminal actions." *People v Laidler*, 491 Mich 339, 348; 817 NW2d 517 (2012).[1] This Court has held that the phrase "bodily injury" includes "anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011). Furthermore, the phrase "requiring medical treatment" is statutorily defined to refer to "the necessity for treatment," as opposed to "the victim's success in obtaining treatment." MCL 777.33(3); *People v Maben*, 313 Mich App 545, 551; 884 NW2d 314 (2015). Accordingly, a court may assess 10 points for OV 3 without establishing that treatment was actually received. *Maben*, 313 Mich App at 551 ("Maben's description of the manner in which he strangled his brother, and the undisputed information that the officers observed redness around his brother's neck, that his brother defecated during the assault, that he reported soreness to his neck and throat, and that he told the officers that he intended to seek treatment, provided independent support for the trial court's" assessment of 10 points under OV 3).

Here, defendant struck the adult victim, who was about eight months pregnant, in the abdominal area with a large stick (or a 2x4) with sufficient force to leave bruising. The following day, as the result of defendant's assault, the adult victim went to see her doctor, who was unavailable. Within the following two days, the adult victim began to feel worse. Her stomach hurt. She was light-headed, had headaches, and her blood pressure "was getting high." The adult victim then went to the hospital, where, via Caesarean section, she delivered her baby prematurely. Her newborn was "small" and her newborn's ability to take in nourishment was affected.

At trial, the adult victim's teenage daughter testified that she watched defendant repeatedly strike the adult victim in the stomach. While doing so, defendant stated something like, "[B]itch[,] I'm about to kill this baby." Thereafter, the adult victim's teenage daughter observed bruises on her mother's stomach and testified that her mother's "stomach was hurting."

Given the advanced stage of the adult victim's pregnancy, the direct blows to her abdominal area, and the resultant bruising, the trial court did not clearly err in scoring 10 points for OV 3. There was bodily injury to the adult victim that, in my opinion, required medical treatment to determine the status of her fetus. Although the evidence at trial, without expert medical testimony, may not have been sufficient to prove the defendant's assault caused the infant's premature birth and had an injurious effect on her beyond a reasonable doubt, the trial court's scoring decision was supported by a preponderance of the evidence given the trial testimony.

In any event, as discussed by the majority, even if the circuit court had erred, I agree that five points were properly scored for the bodily injuries to all three victims. MCL 777.33(1)(e). And because defendant's sentencing grid remains the same, she is not entitled to resentencing.

---

[1] Our Court previously held that "the trial court did not err by counting the fetus as a victim for purposes of scoring OV 9." *People v Ambrose*, 317 Mich App 556, 564; 895 NW2d 198 (2016).

*People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required.").


/s/ Anica Letica