*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GRAHAM DICKINSON PARKER,

Defendant-Appellant.

UNPUBLISHED
April 9, 2019

No. 343079
Livingston Circuit Court
LC No. 17-024234-FH

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the sentences imposed for his convictions of first-degree home invasion, MCL 750.110a(2), assault by strangulation, MCL 750.84(1)(b), and resisting and obstructing a police officer, MCL 750.81d(1). We affirm.

## I. BACKGROUND

Defendant's convictions arose from two incidents that occurred over the course of 24 hours. During each of those incidents, defendant broke into his girlfriend's house and strangled her. Following the first attack, the victim was afraid to call the police because she did not know what defendant would do to her. When a police officer saw the victim shortly after the second attack, he saw that she was trembling and had sustained red marks on her neck, an abrasion on her cheekbone, and a cut on her lip. She said that defendant had choked her to the point that she "began to lose consciousness" and urinated. During the second attack defendant tried to force the victim into his car, and the victim felt certain that if she got into the car defendant would kill her.

---

[1] *People v Parker*, unpublished order of the Court of Appeals, entered May 23, 2018 (Docket No. 343079).

The prosecutor charged defendant with two counts of first-degree home invasion, two counts of assault by strangulation, two counts of resisting and obstructing a police officer, one count of unarmed robbery, MCL 750.530, one count of domestic violence, MCL 750.81(2), and one count of third-degree fleeing and eluding, MCL 750.479a(3). The prosecutor and defendant entered a plea agreement under which defendant pleaded guilty to one count each of first-degree home invasion, assault by strangulation, and resisting and obstructing a police officer, and, in exchange, the prosecutor dismissed the remaining charges. Additionally, the prosecutor agreed "to a middle of the guidelines sentence cap," and defendant reached a *Cobbs*[2] agreement under which the trial court would impose concurrent sentences.

The trial court scored the applicable sentencing guidelines for the conviction of first-degree home invasion, a class B felony. MCL 777.16f. This resulted in a prior record variable (PRV) score of 22 and an offense variable (OV) score of 91. This placed defendant in OV level VI and PRV level C, for which the minimum-sentence range was 57 to 95 months in prison. MCL 777.63. The trial court sentenced defendant at the bottom of this range to a term of 57 months to 20 years in prison, to be served concurrently with a term of 57 months to 10 years in prison for the assault by strangulation conviction, and a term of one to two years in prison for the conviction of resisting and obstructing a police officer.

## II. ANALYSIS

This Court reviews de novo issues "involving the proper interpretation and application of the legislative sentencing guidelines." *People v Ambrose*, 317 Mich App 556, 560; 895 NW2d 198 (2016). We review the trial court's factual determinations for clear error and those factual findings must be supported by a preponderance of the evidence. *Id.* "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation" that we review de novo. *Id.*

"When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a presentence investigation report." *People v Wellman*, 320 Mich App 603, 608; 910 NW2d 304 (2017) (cleaned up). "A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). MCL 769.34(10) provides that when a trial court imposes a minimum sentence that is within the appropriate guidelines-sentence range, this Court "shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." Furthermore, where "a scoring error does not alter the appropriate guidelines range, resentencing is not required." *Francisco*, 474 Mich at 89 n 8.

### A. OFFENSE VARIABLE 3—PHYSICAL INJURY TO THE VICTIM

Defendant first argues that the trial court improperly assessed 10 points for OV 3. We disagree.

---

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

OV 3 addresses physical injury to the victim. MCL 777.33(1). Under this variable, the trial court must assess 10 points if the victim experienced bodily injury requiring medical treatment, while the trial court must assess only five points if the victim suffered bodily injury that did not require medical treatment. MCL 777.33(1)(d),(e). The phrase "requiring medical treatment" refers to the necessity for treatment and not the victim's success in obtaining treatment. MCL 777.33(3). In addition, there must be record evidence to support an assessment of points for OV 3. *People v Endres*, 269 Mich App 414, 417-418; 711 NW2d 398 (2006), overruled in part on other grounds by *People v Hardy*, 494 Mich 430, 438 n 18; 835 NW2d 340 (2013).

The trial court relied on information in the presentence investigation report (PSIR) to determine the extent of the victim's injuries, including her report "that she was choked nearly to being unconscious and urinated in her pants as a result." The PSIR stated that a police officer observed red marks on her neck, an abrasion on her cheekbone, and a small cut on her lip. Defendant contested whether the victim actually lost consciousness, and the prosecutor read from a police incident report that she "indicated that she was losing consciousness and almost passed out." Given the undisputed evidence that the victim suffered abrasions on her face and redness on her neck, was close to losing consciousness, and urinated as a result of the attack, the trial court did not clearly err when it found by a preponderance of the evidence that the injuries she sustained required medical treatment. See *People v Maben*, 313 Mich App 545, 550-551; 884 NW2d 314 (2015).

### B. OFFENSE VARIABLE 13—PATTERN OF CRIMINAL ACTIVITY

Defendant next argues that the trial court improperly assessed 25 points for OV 13. We disagree.

A trial court may properly assess 25 points for OV 13 where the offense "was part of a pattern of criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). When determining the appropriate score, MCL 777.43(2)(a) provides that "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." The trial court is not, however, to "score conduct scored in offense variable 11 or 12." MCL 777.43(2)(c). OV 12 concerns "contemporaneous felonious criminal acts." Such an act is one that occurred within 24 hours of the sentencing offense and that has not and will not result in a separate conviction. MCL 777.42(2)(a).

In this case, defendant was charged with seven felonies against a person that occurred in a 24-hour period: two counts of first-degree home invasion, two counts of assault by strangulation, two counts of resisting and obstructing a police officer, and one count of unarmed robbery. Defendant pleaded guilty to three of these felonies against a person—first-degree home invasion, assault by strangulation, and resisting and obstructing—and the prosecution dismissed the remaining charges. Therefore, all of the charges that the prosecutor dismissed were "contemporaneous felonious criminal acts" that could be properly counted under OV 12,[3] and the

---

[3] The trial court assessed 25 points, the maximum possible, for OV 12.

trial court could not consider them in scoring OV 13. MCL 777.43(2)(c). Aside from his three convictions in this case, defendant did not have any prior convictions that could be counted under OV 13 because his prior record consisted of one misdemeanor conviction.

The prosecution argues that defendant's three convictions in this case, alone, satisfy the requirements for the trial court to assess 25 points for OV 13 because these convictions constitute three crimes against a person that took place within a 5-year period and they were not counted under OV 12. In contrast, defendant argues that the trial court erred when it scored 25 points for OV 13 because the sentencing offense was not part of a larger pattern of criminal activity. Defendant asserts that, while the sentencing offense may be a part of that pattern, it cannot be the *only* offense or offenses under that variable because this would amount to "double-counting." We reject defendant's assertion. The plain language of MCL 777.43(2)(a) directs the sentencing court to consider "*all* crimes within a 5-year period, *including the sentencing offense*" (emphasis added). See *People v Harmon*, 248 Mich App 522, 532; 640 NW2d 314 (2001) (concluding that the trial court appropriately assessed 25 points for OV 13 based on the defendant's four concurrent convictions in that case). The trial court properly scored OV 13.

## C.  OFFENSE VARIABLE 4—PSYCHOLOGICAL INJURY TO THE VICTIM

Finally, defendant claims that the trial court improperly assessed 10 points for OV 4, psychological injury to the victim. MCL 777.34. The trial court must assess 10 points if the victim experienced serious psychological injury requiring professional treatment, but must assess zero points if the victim did not experience such an injury. MCL 777.34(1)(a),(b). Whether the victim actually sought professional treatment is not conclusive. MCL 777.34(2).

It appears that defendant is correct that there is no evidence in the record to show that the victim suffered a psychological injury requiring professional treatment. While it might be likely that she did suffer this type of injury given the nature of the attacks and her obvious fear when talking with the police officer, there is no information in the record confirming this injury. Yet, even assuming OV 4 was improperly scored, defendant is not entitled to resentencing because any such error did not change the appropriate guidelines sentence range. See *Francisco*, 474 Mich at 89 n 8. In this case, subtracting the erroneous 10-point score for OV 4 would reduce defendant's OV score from 91 to 81 points. Because any OV score above 75 points results in an OV level of VI, see MCL 777.63, this scoring error did not alter the guidelines range and defendant is not entitled to resentencing.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron