*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RYAN DALE POST,

Defendant-Appellant.

UNPUBLISHED
June 15, 2023

No. 363224
Berrien Circuit Court
LC No. 2021-004011-FH

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] a conviction by guilty plea of larceny of $20,000 or more, MCL 750.356(2)(a). The trial court sentenced defendant to 365 days' imprisonment, which was to be served concurrently with a sentence that defendant was currently serving in an unrelated case. The trial court ordered zero days of jail credit. We affirm.

## I. FACTUAL BACKGROUND

Between June 2021 and October 2021, defendant was arrested, charged, and sentenced for an offense in an unrelated case out of Montcalm County. He was arrested in June 2021, and was sentenced to 1 to 5 years' imprisonment for receiving and concealing stolen property valued between $1,000 and $20,000, MCL 750.535(3)(a), in October 2021.

In December 2021, defendant was charged in this case with (1) larceny of $20,000 or more, and (2) receiving and concealing stolen property valued at $20,000 or more, MCL 750.535(2)(a). In February 2022, defendant was sent to the Berrien County Jail from prison because defendant was serving time for the sentence out of Montcalm County. He remained in the Berrien County Jail until he was sentenced.

---

[1] *People v Post*, unpublished order of the Court of Appeals, entered November 16, 2022 (Docket No. 363224) (SAWYER, J., dissenting).

Defendant eventually pleaded guilty to larceny of $20,000 or more. As a factual basis for his plea, defendant admitted to stealing a trailer with three miniature racing boats and equipment, all totaling more than $20,000, from a hardware store. Pursuant to the plea agreement, plaintiff dismissed defendant's charge of receiving and concealing stolen property valued $20,000 or more, agreed to a maximum sentence of 365 days' imprisonment to be served in any penal institution, and agreed not to charge defendant as a habitual offender. The trial court confirmed that at the time of the plea hearing, defendant was an inmate with the Michigan Department of Corrections (MDOC) serving the Montcalm County sentence.

In April 2022, the trial court sentenced defendant to 365 days' imprisonment in any penal institution for larceny of $20,000 or more, which was to be served concurrently with the Montcalm County sentence. The trial court confirmed that because defendant was still an inmate with the MDOC at the time of sentencing, defendant was not entitled to any jail credit, which defense counsel agreed with.

## II. JAIL CREDIT & INEFFECTIVE ASSISTANCE OF COUNSEL

### A. PRESERVATION OF ISSUE

A sentencing issue is preserved only if a defendant raised the sentencing issue at sentencing, in a proper motion for resentencing in the trial court, or in a proper motion to remand in this Court. *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018). Defendant agreed with the trial court at sentencing that he was not entitled to jail credit, so the issue was waived. *People v Kowalski*, 489 Mich 488, 503; 805 NW2d 200 (2011).

A defendant must file a motion in the trial court for a new trial or an evidentiary hearing, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), or file a timely motion to remand in this Court, *People v Ginther*, 390 Mich 436, 444-445; 212 NW2d 922 (1973), to preserve an issue of ineffective assistance of counsel. Defendant did not file a motion in the trial court for a new trial or an evidentiary hearing, or file a timely motion to remand in this Court. Consequently, the issue whether defense counsel was ineffective is not preserved for appeal.

### B. STANDARD OF REVIEW

We review de novo questions of statutory interpretation. *People v Ambrose*, 317 Mich App 556, 560; 895 NW2d 198 (2016). We review an unpreserved claim of error, whether constitutional or nonconstitutional, for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). A "defendant must establish that (1) an error occurred, (2) the error was 'plain,' i.e., clear or obvious, and (3) the error affected substantial rights, i.e., the outcome of the lower court proceedings was affected" to establish plain error. *People v Burger*, 331 Mich App 504, 516; 953 NW2d 424 (2020) (quotation marks and citation omitted). A "[r]eversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). We review an unpreserved assertion of ineffective assistance of counsel for errors apparent on the record. *People v Hoang*, 328 Mich App 45, 63; 935 NW2d 396 (2019).

### C. ANALYSIS

Defendant first argues that the trial court erred by not awarding him 46 days of jail credit because he was sent to and held in Berrien County Jail until he was sentenced on the instant offense. Although defendant has waived the issue, we, in any event, find no error.

The Sentencing Credit Statute, MCL 769.11b, provides:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

Under this statute, jail "credit is to be granted for presentence time served in jail only where such time is served as a result of the defendant being denied or unable to furnish bond for the offense of which he or she is convicted," *People v Adkins*, 433 Mich 732, 742; 449 NW2d 400 (1989) (quotation marks and citation omitted), so "individuals who are detained in jail for some reason other than the denial of or inability to furnish bond are not entitled to jail credit," *People v Allen*, 507 Mich 597, 606; 968 NW2d 532 (2021). Therefore, a defendant is not entitled to jail credit when incarcerated for another offense. *People v Patton*, 285 Mich App 229, 239; 775 NW2d 610 (2009); *People v Givans*, 227 Mich App 113, 125-126; 575 NW2d 84 (1997).

Here, the trial court properly determined that defendant was not entitled to jail credit. Defendant was incarcerated during the instant prosecution as the result of the Montcalm County sentence, and not as a "result of [] defendant being denied or unable to furnish bond." *Adkins*, 433 Mich at 742 (quotation marks and citation omitted). Consequently, the 46 days that defendant spent in Berrien County Jail was not because of an inability to post bond. Even if he was able to post bond, he would have still remained incarcerated because he was serving another sentence. Accordingly, the trial court properly awarded defendant zero days of jail credit.

Defendant was not entitled to jail credit in this case, and in fact, the trial court did not have discretionary authority to award jail credit. See *People v Idziak*, 484 Mich 549, 568-569; 773 NW2d 616 (2009). Any objection by trial counsel to the lack of jail credit would have been meritless. Accordingly, defense counsel was not ineffective for failing to object to the trial court's determination of jail credit because defense counsel was not required to advance a meritless objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola