*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KRISTY LEE SOLDAN,

        Defendant-Appellee,

and

MANUEL GARCIA, KIM GARCIA, and VEINS PLUS,

        Appellants.

UNPUBLISHED
September 27, 2024
10:51 AM

No. 366170
Ingham Circuit Court
LC No. 20-000408-FH

Before: RICK, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Appellants appeal by leave granted[1] the trial court's order denying their motion for reconsideration of a prior order denying their motion for restitution. We affirm.

## I. FACTUAL BACKGROUND

This case arises from an incident that occurred in 2019, in which defendant embezzled money from her employer. Defendant worked at Veins Plus, a medical clinic, which was owned by appellants Manuel Garcia and Kim Garcia, the crime victims in this matter. In December 2021, defendant pleaded guilty to embezzling $1,000 or more, but less than $20,000, MCL 750.174(4)(a). She was sentenced to 60 days in jail and a probation period of 36 months. As a probation condition, the court ordered defendant to pay $39,259.74 in restitution. Appellants

---

[1] *People v Soldan*, unpublished order of the Court of Appeals, entered October 19, 2023 (Docket No. 366170).

requested a writ of garnishment, but were informed by Huntington Bank, defendant's banking institution and the garnishee in this matter, that defendant had no funds in her bank account that would be subject to a garnishment action. At an August 2022 hearing regarding defendant's objections to the request for a writ of garnishment, the court concluded that the action was moot because there were no funds being held by the garnishee bank. Defendant additionally told the court that she had been paying restitution in compliance with the probation order.

The following month, appellants filed a motion to collect restitution under MCL 780.766(13), which is part of the Crime Victims' Rights Act (CVRA), MCL 780.751 *et seq*. Appellants argued that they suffered financial loss due to defendant's theft and that defendant had made minimal effort to pay them back. They contended that they were entitled to enforce the restitution order under MCL 780.766(13). The trial court denied the motion. The court observed that MCL 780.766(13) generally allows crime "victims to enforce restitution orders as a civil judgment equivalent[,]" but that under MCL 780.766(18), it only needed to compel defendant's compliance if it determined that restitution was not being paid as ordered. The court determined that an enforcement action was unnecessary because defendant was paying restitution in accordance with the court order, meaning that the condition required under MCL 780.766(18) "ha[d] not been met."

Appellants moved for reconsideration, arguing that they had the right to enforce a restitution order under MCL 780.766(13). They contended the trial court's interpretation of MCL 780.766(18) added limiting conditions to their right to collect restitution. According to appellants, MCL 780.766(13) does not limit enforcement if restitution is a condition of probation; thus, the trial court's interpretation would render Subsection (13) "surplusage." Appellants contended that the clear language of Subsection (13) does not limit enforcement of restitution when a defendant is on probation, and thus, MCL 780.766(18) cannot be used by the court to prevent victims from collecting restitution under Subsection (13).

The trial court denied the motion for reconsideration. The court first noted that MCL 780.766(13) "is not read in a vacuum" and that it must be "read alongside the rest of the statute, including MCL 780.766(18)." The court then determined that Subsection (18) "very clearly conditions the success of an enforcement action on a determination that restitution is not being paid in accordance with a court order." Here, defendant was actively on probation and was complying with the probation condition regarding restitution. Thus, the court concluded that MCL 780.766(18) applied. Finally, the court concluded that Subsection (13) "establishes a right to collect" and Subsection (18) "provides the circumstances under which that right can be exercised when a defendant is on probation, as is the case here." This appeal followed.

## II. ANALYSIS

Appellants argue that MCL 780.766(13) allows crime victims to enforce a restitution order against a defendant when the defendant is on probation, and that MCL 780.766(18) does not contain any limits to the enforcement of restitution under MCL 780.766(13). Consequently, appellants assert that crime victims may use MCL 780.766(13) and (18) together, without limitations, to collect restitution from a defendant. We disagree.

"An issue of statutory interpretation is reviewed de novo." *People v Speed*, 331 Mich App 328, 331; 952 NW2d 550 (2020). "The fundamental task of statutory construction is to discover and give effect to the intent of the Legislature." *People v Ambrose*, 317 Mich App 556, 561; 895 NW2d 198 (2016). "In interpreting statutes, [this Court] starts by examining the plain language of the statute . . . and if the statutory language is plain and unambiguous, then no judicial interpretation is necessary or permitted." *Speed*, 331 Mich App at 331 (quotation marks and citation omitted). "Further, [this Court] gives effect to every word, phrase, and clause to the extent possible." *Id*. "The rules of governing statutory construction require that every word or phrase of a statute be given its commonly accepted meaning." *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). Additionally, "when this Court construes two statutes that arguably relate to the same subject or share a common purpose, the statutes are in pari materia and must be read together as one law, even if they contain no reference to one another and were enacted on different dates." *Id*. "If statutes lend themselves to a construction that avoids conflict, then that construction should control." *Id*.

Both the Michigan Constitution and the CVRA provide victims of crime with the right to restitution. See Const 1963, art 1, § 24; MCL 780.766(2). Further, under MCL 780.766(2),

> when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction.

When a defendant is placed on probation and ordered to pay restitution, the ordered restitution "shall be a condition of that probation." MCL 780.766(11).

Appellants argue that the trial court misinterpreted MCL 780.766(18) as it relates to restitution enforcement actions under MCL 780.766(13). MCL 780.766(13) and (18) provide, in relevant part:

> (13) An order of restitution entered under this section remains effective until it is satisfied in full . . . . An order of restitution may be enforced by the prosecuting attorney, a victim, a victim's estate, or any other person or entity named in the order to receive the restitution in the same manner as a judgment in a civil action or a lien.
>
> * * *
>
> (18) In each case in which payment of restitution is ordered as a condition of probation, the court shall order any employed defendant to make regularly scheduled restitution payments. If the defendant misses 2 or more regularly scheduled payments, the court shall order the defendant to execute a wage assignment to pay the restitution . . . . If a petition or motion is filed or other proceedings are initiated to enforce payment of restitution *and the court determines that restitution is not being paid or has not been paid as ordered by the court, the court shall promptly take action necessary to compel compliance*. [Emphasis added.]

These subsections relate to the same subject, in that they both concern restitution for crime victims. Likewise, they share the common purpose of establishing the circumstances in which a crime victim may enforce a restitution order against a defendant, as well as when a court must compel compliance. They are thus in pari materia and must be read together. *Webb*, 458 Mich at 274.

Generally, MCL 780.766(13) allows crime victims to enforce restitution orders, which operate as an equivalent to a judgment awarding damages in a civil case. See MCL 780.766(13). However, when "payment of restitution is ordered as a condition of probation" under MCL 780.766(18), the court must compel a defendant's compliance if restitution is not being paid consistent with the probation order. However, a court is only required to compel a defendant's compliance once (1) a victim files a motion to compel payment of restitution as ordered, and (2) the court determines that payment is not being made as ordered. Thus, the success of a victim's enforcement action is explicitly conditioned on a determination by the trial court that a defendant is not paying or has not paid restitution pursuant to court order.

Our Supreme Court recently underscored that the right of a crime victim to restitution is both statutory and constitutional. *People v Neilly*, ___ Mich ___; ___ NW3d ___ (2024) (Docket No. 165185). In *Neilly*, the 17-year-old defendant was convicted and sentenced as an adult to life in prison without the possibility of parole. *Id*. at ___; slip op at 2. At the time, the trial court did not require him to pay restitution. *Id*. The defendant was later resentenced following the United States Supreme Court decisions in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, 577 US 190; 136 S Ct 718; 193 L Ed 2d 599 (2016). *Neilly*, ___ Mich at ___; slip op at 2. At resentencing, the trial court entered an order of restitution. *Id*. The defendant challenged the restitution award, claiming that it was punitive and violated the Ex Post Facto Clause of the US and Michigan constitutions.[2] *Id*. at ___; slip op at 3. He contended that this was so because the current version of the CVRA requires trial courts to impose restitution as part of a sentence, whereas the version in effect in 1993 made restitution awards discretionary. *Id*. But our Supreme Court rejected the defendant's challenges. Quoting *People v Peters*, 449 Mich 515, 526; 537 NW2d 160 (1995), the Court recognized that the function of the CVRA is " 'to enable victims to be compensated fairly for their suffering at the hands of convicted offenders,' rather than to impose additional punishment on offenders." *Neilly*, ___ Mich at ___; slip op at 7. In other words, the emphasis is not placed on punishing the wrongdoer, but rather on compensating victims who have suffered as a result of wrongs committed by the defendant. *Id.*

Defendant's order of restitution required that she pay $39,259.74 to appellants. The court determined that defendant was still actively on probation and had been making regular restitution payments as a condition of her probation. Because defendant was adhering to the terms of her probation, the court appropriately determined that appellants could not accelerate the restitution order under MCL 780.766(13). A plain reading of the statute establishes that MCL 780.766(13) creates a victim's rights to collect restitution against a defendant, and MCL 780.766(18) outlines

---

[2] See US Const, art I, § 10, cl 1 (providing that "[n]o State shall . . . pass any . . . ex post facto Law[.]"); Const 1963, art 1, § 10 (providing that "[n]o . . . ex post facto law . . . shall be enacted.").

the circumstances under which a victim may exercise that right when the defendant is actively on probation. Appellants do not assert that defendant has failed to pay restitution as ordered by the trial court. Instead, they merely assert that defendant has been paying in small increments, which they find "unacceptable" and "downright ridiculous". However, defendant's order of probation only states that she "must pay restitution in the amount of $39,259.74." It does not outline a payment schedule or provide a timeline for when restitution must be paid in full. There is nothing in the record to indicate that defendant is not in compliance with the court order. Likewise, nothing suggests that the trial court interpreted MCL 780.766(18) in a way that rendered MCL 780.766(13) inoperative.

We appreciate that financial crimes create real hardships for those whose money was stolen. In this matter, defendant's crime adversely affected appellants and their employees. While we conclude that the trial court correctly interpreted and followed the law, it is little solace to the appellants. However, it is the responsibility of the Legislature, and not this Court, to create a remedy for crime victims in such circumstances. See *City of Lansing v Lansing Twp*, 356 Mich 641, 648; 97 NW2d 804 (1959) ("The duty of the Court is to interpret the statute as we find it." (quotation marks and citation omitted)); *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 98; 754 NW2d 259 (2008) ("In accordance with the constitution's separation of powers, this Court cannot revise, amend, deconstruct, or ignore [the Legislature's] product and still be true to our responsibilities that give our branch only the judicial power." (quotation marks and citation omitted; alteration in original)).

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado