*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* D. L. N. MURPHY, Minor.

UNPUBLISHED
January 13, 2026
12:23 PM

No. 375724
Wayne Circuit Court
Family Division
LC No. 2021-000296-NA

Before: BOONSTRA, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to her minor child DM, under MCL 712A.19(b)(3)(a)(*i*), (g), and (j).[1] We vacate the termination order and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Respondent is the mother of five children; DM is the youngest. All four of respondent's other children were removed from her care at various times because of neglect, domestic violence,[2] improper supervision, and lack of suitable housing. After respondent's oldest child, SM, was removed from her care in April 2021, respondent was given a court-ordered case service plan that included a psychological evaluation, infant mental health services, individual therapy, domestic violence classes, and parenting time.

When DM was born, respondent's other children were all still in the care of petitioner, the Department of Health and Human Services (DHHS), and placed with their maternal grandmother

---

[1] DM's father was not identified in the proceedings below. His rights were terminated *in absentia* in the same proceeding. He is not a party to this appeal. The father of respondent's other children, William Shaffer, Sr., was a respondent in the proceedings involving those children but not in the proceedings involving DM.

[2] Respondent had been the victim of domestic violence perpetrated by Shaffer in 2021.

-1-

(respondent's mother). At the time, respondent was noncompliant with every aspect of her case service plan and was homeless. After DM's birth, respondent left DM with her mother, who was caring for DM's siblings, and did not visit or contact DM after that time. In January 2025, DHHS filed a petition seeking termination of respondent's parental rights to DM at the initial disposition. The petition alleged that respondent had not rectified any of the conditions that had brought her other children into care and requested that DM be removed because of "neglect, unfit home environment, improper supervision/domestic violence, and failure to complete court ordered services." The petition alleged that respondent's noncompliance with services had resulted in services being terminated multiple times, and that DM was at risk of harm because of respondent's continued homelessness, ongoing domestic violence issues, and failure to benefit from services. According to the petition, a supplemental petition seeking termination of respondent's parental rights was being filed regarding respondent's other children.

The trial court authorized the petition with respect to DM and ordered that reasonable efforts toward reunification need not be made. Respondent did not appear at any pretrial hearings, and did not appear at her combined adjudication bench trial and termination hearing in March 2025, nor did she have any contact with DHHS or DM after November 2025. The trial court found that respondent had not seen DM since her birth and that statutory grounds existed to terminate her parental rights under MCL 712A.19b(3)(a)(*i*), (g), and (j). The trial court further found that terminating respondent's parental rights was in DM's best interests. The trial court subsequently entered an order adjudicating respondent and an order terminating her parental rights. The adjudication order stated that respondent had "4 prior terminations and those children live with [their maternal grandfather]. [Respondent] had been offered services on the prior terminations but [respondent] failed to complete those services and her rights were terminated." This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews for clear error a trial court's factual findings regarding reasonable efforts toward reunification. *In re Atchley*, 341 Mich App 332, 338; 990 NW2d 685 (2022). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citation omitted). This Court reviews de novo issues of statutory interpretation. See *People v Ambrose*, 317 Mich App 556, 560; 895 NW2d 198 (2016).

## III. ANALYSIS

Respondent argues that the trial court erred when it terminated respondent's parental rights to DM at the initial disposition without requiring reasonable efforts toward reunification. We agree.

Generally, "[DHHS] has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017). "MCL 712A.19a(2) contains an exclusive list of the exceptions to DHHS's duty to make reasonable efforts toward reunification." *In re Walters*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369318); slip op at 1. "Under no circumstances may a trial court terminate a parent's rights without first finding that one of these exceptions applies." *Id.*

In this case, DHHS did not cite MCL 712A.19a(2) in its petition requesting termination at the initial disposition, nor did the trial court cite that statute when ordering that reasonable efforts toward reunification were not required. And the termination order erroneously stated that reasonable efforts toward reunification were made. Although the trial court did not clearly articulate the provision of MCL 712A.19a(2) on which it was relying, it appears that the trial court relied on subsection (c), which states that reasonable efforts are not required if "[t]he parent has had rights to the child's siblings involuntarily terminated and the parent has failed to rectify the conditions that led to that termination of parental rights." MCL 712A.19a(2)(c). In terminating respondent's parental rights to DM at the initial disposition, the trial court's findings focused on her longstanding noncompliance with her PATP relating to her other four children, and the order stated that respondent had four previous terminations after failing to complete services. However, it is undisputed that respondent's parental rights to her other children had not been terminated at the time her rights to DM were terminated. While the petition alleged that a supplemental permanent custody petition for respondent's four other children was being filed, no such petition had been filed at the time of the termination relating to DM, and the proceedings regarding respondent's other four children remained ongoing at that time. Accordingly, the trial court's finding that respondent's rights to DM's siblings had been terminated was clear error. *Atchley*, 341 Mich App at 338.

Further, the trial court did not find that any of the aggravated circumstances found in MCL 712A.19a(2)(a) existed so as to permit the termination of respondent's parental rights at the initial disposition. Under MCL 712A.19a(2)(a), reasonable efforts toward reunification are not required if "[t]here is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in . . . MCL 722.638." MCL 712A.19a(2)(a). In relevant part, MCL 722.638 states:

(1) The department shall submit a petition for authorization by the court under [MCL 712A.2(b)] if 1 or more of the following apply:

(a) The department determines that a parent, guardian, or custodian, or a person who is 18 years of age or older and who resides for any length of time in the child's home, has abused the child or a sibling of the child and the abuse included 1 or more of the following:

(*i*) Abandonment of a young child.

\* \* \*

(2) In a petition submitted as required by subsection (1), if a parent is a suspected perpetrator or is suspected of placing the child at an unreasonable risk of harm due to the parent's failure to take reasonable steps to intervene to eliminate that risk, the department shall include a request for termination of parental rights at the initial dispositional hearing as authorized under . . . MCL 712A.19b.

"In determining whether [a] respondent's actions met the aggravated circumstances outlined in MCL 722.638(1), we must consider whether she has 'abused the child.' " *In re Barber/Espinoza*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 167745); slip op at 5.

The Legislature has defined "child abuse" to mean "harm or threatened harm to a child's health or welfare that occurs through nonaccidental physical or mental injury, sexual abuse, sexual exploitation, or maltreatment . . . ." MCL 722.622(g).

MCL 722.638(1)(a) requires abuse *and* another circumstance, including abandonment. See *In re Simonetta*, 340 Mich App 700, 708; 987 NW2d 919 (2022) (explaining, under MCL 722.638(1)(a), "aggravated circumstances exist when a parent has *abused* the child . . . and the abuse included" at least one of six enumerated circumstances) (quotation marks omitted, emphasis in original). See also *In re Barber/Espinoza*, ___ Mich at ___; slip op at 6 ("But child abuse perpetrated by a listed individual is not independently sufficient to satisfy the requirements of MCL 722.638(1). Such abuse committed by a listed offender must also have 'included' certain circumstances listed under MCL 722.638(1)(a)(*i*) through (*vi*)."). If the trial court "makes a determination that the circumstances in *both* MCL 722.638(1) and MCL 722.638(2) have been demonstrated, DHHS is not obligated to make reasonable efforts to reunify the family." *Id*. "Where reasonable efforts are not required, the trial court may terminate parental rights at the initial disposition as contemplated by MCL 712A.19b(4)." *Id*.

Because the trial court in this case never made any findings of abuse, it necessarily failed to satisfy the requirements of MCL 722.638(1) and therefore could not terminate respondent's parental rights to DM at the initial disposition under MCL 712A.19b(2)(a). See also *In re Smith-Taylor*, 509 Mich 935, 935 (2022) ("Under MCL 712A.19a(2)(a), there must be a 'judicial determination that the parent has subjected the child to aggravated circumstances' before [DHHS] is excused from making reasonable efforts.").[3] Although the trial court found that respondent had not seen DM since November 2024, it did not find that respondent had abused DM or that any abuse included abandonment. *Simonetta*, 340 Mich App at 708. Specifically, it did not find that respondent's leaving DM in the care of DM's maternal grandmother (and with DM's siblings) constituted abuse including abandonment; it merely noted that respondent had not had contact with DM in a little under four months. Also, no evidence was presented regarding any other exceptions under MCL 712A.19a(2) that would warrant termination at the initial disposition, such as certain serious convictions or registering as a sex offender. See MCL 712A.19a(2)(b) and (d). Only when the trial court finds clear and convincing evidence to support the existence of an exception under MCL 712A.19a(2) may it terminate parental rights at the initial disposition. See *In re Walters*, ___ Mich App at ___; slip op at 6. The trial court made no such findings in this case and it therefore clearly erred by terminating respondent's parental rights at the initial disposition without first establishing that an exception applied. *Atchley*, 341 Mich App at 338.

Based on these clear errors of fact and law, we must vacate the trial court's order terminating respondent's parental rights and remand to the trial court to "either order that the petitioner provide reasonable services to the respondent, or articulate a factual finding based on clear and convincing evidence that aggravated circumstances exist such that services are not

---

[3] "[A]n order of [the Supreme] Court is binding precedent on the Court of Appeals if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 371; 817 NW2d 504 (2012).

required." See *In re Simonetta*, 507 Mich 943, 943; 959 NW2d 170 (2021). Because we vacate the termination order on this basis, we do not address respondent's other arguments on appeal.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young